ADAME V. STATE

NO. 07-99-0033-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 5, 2001

______________________________

ARMANDO ADAME, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 64
TH
 DISTRICT COURT OF HALE COUNTY;

NO. A-13123-9808; HONORABLE JACK R. MILLER, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Upon a plea of guilty, appellant Armando Adame was convicted of aggravated robbery and sentenced to 25 years confinement and a $1,000 fine.  
In presenting this appeal, counsel has filed an 
Anders
 brief in support of a motion to withdraw.  Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  
Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment of the trial court is affirmed.

Appellant was charged with aggravated robbery for striking a person with a pair of tin snips while in the course of committing a theft.  Pre-trial hearings were conducted on four different days: October 16, 1998, October 20, 1998, November 17, 1998, and January 8, 1999.
(footnote: 1)  Then, pursuant to a plea bargain agreement
 on January 12, 1999, appellant, while represented by counsel, plead guilty to the charged offense and sentence was imposed according to the agreement.  One condition of the plea bargain agreement was not only that appellant plead guilty to the charged offense, but also that he plead true to a probation revocation case.  Further, several other cases against appellant
, either pending or unfiled, were taken into account in accordance with section 12.45 of the Texas Penal Code and judgment was entered accordingly.

We note here that this Court has abated and remanded this case three times: first on July 22, 1999, because we had not received appellant’s brief; second, on December 1, 1999, again because we had not received appellant’s brief although counsel had been appointed to represent appellant; and third, on August 7, 2000, to determine if any of the inaccuracies or errors 
in the record alleged by appellant
 
would directly impact his direct appeal.  

Now that we are satisfied that appellant’s case is properly before us and before addressing the merits of his case, we first discuss our obligations concerning the accompanying 
Anders
 brief.  Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed 2d 300 (1988).  In support of his motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Gainous v. State, 436 S.W.2d 137, 137-38 (Tex.Cr.App. 1969), he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated.  Thus, he concludes the appeal is frivolous and without merit.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. 

Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a 
pro se
 brief if he so
 desires.  Appellant has filed a 
pro se
 brief. 

By the 
Anders
 brief, appellant’s counsel raises one arguable ground for appeal, but concedes that no reversible error is presented.  Counsel contends that appellant’s guilty plea was not given knowingly and voluntarily and was therefore invalid.  Specifically, counsel points to appellant’s testimony that “. . . I cannot believe that I signed a paper knowing when in the first place I was never agreeing to nothing,” and that “there was never no evidence.”  Appellant also stated that “I feel like I, not knowingly and intelligently signed a plea bargain because within a matter of minutes, it was all over,” and added “I feel like I signed a plea bargain really not knowing what I signed.”  Appellant further stated that he felt threatened in “sort of a way” because word got to him that the prosecutor had determined to prosecute him on all outstanding charges if he did not accept the plea bargain agreement.  This testimony was elicited during the second of our abatements wherein this Court directed the trial court to determine if appellant wished to continue to pursue his appeal. 

A guilty plea must be entered knowingly and voluntarily.  Brady v. United States, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Flowers v. State, 935 S.W.2d 131, 133 (Tex.Cr.App.1996); Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 1989).
  To assess a plea's voluntary nature, we must ask whether "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  Parke v. Raley, 506 U.S. 20, 29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992).  We consider the totality of the circumstances to answer this question.  Crawford v. State, 890 S.W.2d 941, 944 (Tex.App.--San Antonio 1994, no pet.).  When the record reflects that the court properly admonished the defendant, a 
prima facie
 showing is made that the plea was entered voluntarily.  Rodriguez v. State, 933 S.W.2d 702, 705 (Tex.App.--San Antonio 1996, pet. ref'd).   

A guilty plea is considered voluntary if the defendant was made fully aware of the direct consequences of the plea.  State v. Jimenez, 987 S.W.2d 886, 888 (Tex.Cr.App. 1999).
  The record before us indicates that appellant not only knew of the direct consequences of his plea, but that he could face further punishment if he did not accept the plea bargain agreement.  Moreover, the trial court properly admonished appellant as to the consequences of his guilty plea and appellant obtained the benefit of having other unadjudicated offenses against him dropped as a result of this agreement.  From the record, it appears that appellant knew exactly what he was doing when he decided to plead guilty.  After reviewing the entire record, we hold that appellant was made fully aware of the direct consequences of his guilty plea and that his plea was therefore voluntarily and knowingly entered.  We overrule the one arguable ground for appeal presented in counsel’s 
Anders
 brief.

By his 
pro se
 brief, appellant raises seven points of error wherein he contends:

(1) the trial court erred in considering stipulated to evidence before approving in writing appellant’s request to consent to the stipulated evidence; 

(2) the trial court erred by failing to properly admonish appellant as to the range of punishment; 

(3) appellant’s guilty plea was rendered involuntary or unknowingly made because the State failed to request that the trial court consider pending unadjudicated offenses under section 12.45 of the Penal Code; 

(4) exculpatory evidence was withheld by the State; 

(5) appellant’s guilty plea was rendered involuntary due to the State’s misrepresentation of the terms of the plea bargain agreement; 

(6) appellant received ineffective assistance of counsel because he was not permitted to withdraw his guilty plea when it became apparent the trial court had not adjudicated pending charges; and

(7) the judgment of conviction is invalid in that it does not accurately reflect trial proceedings.

We first address appellant’s point of error seven concerning the accuracy of the judgment.  Appellant’s 
pro se
 brief was received by this Court on July 13, 2000, and we subsequently remanded appellant’s case on
 August 7, 2000.  The trial court conducted a hearing on October 10, 2000.  The record from that hearing and a judgment 
nunc pro tunc
 entered on October 17, 2000, corrected to appellant’s satisfaction all of the complained of inaccuracies.  Therefore, point of error seven is overruled as moot. 

By point of error two, appellant complains he was not properly admonished as to the range of punishment.  Because the record before us reflects that the trial court properly admonished appellant as to the range of punishment prior to accepting his plea, point of error two is overruled.  Clark v. State, 997 S.W.2d 365, 369 (Tex.App.--Dallas 1999, no pet.).

By his third and fifth points of error, appellant contends his guilty plea was involuntary because the State failed to request that the trial court consider pending adjudicated offenses pursuant to section 12.45 of the Penal Code, and because the State misrepresented the terms of the plea bargain agreement.  By his sixth point of error, appellant asserts that his trial counsel’s representation was ineffective because he was not permitted to withdraw his guilty plea.  We disagree with all three contentions.  Because we have determined that appellant’s guilty plea was knowingly and voluntary given, and as the record reflects, other adjudicated offenses were taken into consideration during the guilty plea hearing, we overrule points of error three, five and six. 

As for appellant’s point of error one, by which he contends the trial court erred in considering the stipulation of evidence because appellant’s request to consent to the stipulated evidence was not first considered, we find that this argument is also without merit.  The record shows that appellant signed the stipulation of evidence and that he acknowledged doing so during his guilty plea hearing.  Appellant cannot now complain that he did not consent to the stipulation of evidence when the record clearly shows otherwise.  Appellant’s first point of error is overruled.

By his fourth point of error, appellant contends that exculpatory evidence was withheld by the State
.  Specifically, appellant contends the State failed to provide information concerning other similar robberies.  However, in deciding to plead guilty, appellant waived any and all pending motions before the trial court.  Moreover, appellant was not denied his due process right to a fair trial and there is no reasonable probability that the outcome of the trial would have been different because appellant plead guilty and made an in court admission of his guilt.  
See
 Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).  
Therefore, we overrule appellant’s fourth point of error.

 We have also made an independent examination of the entire record to determine whether there are any arguable grounds that might support this appeal.  
See
 
Penson
, 488 U.S. at 80; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).  We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).  

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.  

Don H. Reavis

     Justice

Do not publish.

FOOTNOTES
1: 
The hearing on October 20, 1998, was actually the beginning of a trial with the 
voir dire
 examination of prospective jurors, but ended with a mistrial after both sides raised 
Batson
 challenges.  
See
 Batson v. Kentucky, 476 U.S. 79, 86, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986).