David T. Duncan, Jr., Lubbock, for appellant.

Rebecca King, Dist. Atty., John L. Owen, Asst. Dist. Atty., Amarillo, for appellee.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

BOYD, Chief Justice.

In each of these companion cases, appellant Arturo Daniel was indicted for indecency with a child. On February 20, 1997, after a plea of guilty to both charges, and pursuant to a plea bargain in each case, appellant was placed on deferred adjudication community supervision for a period of eight years provided he observed certain conditions. On February 27, 1998, after finding that appellant violated some conditions of his probation, the trial court proceeded to adjudicate appellant's guilt in each case and assessed punishment at 12 years in the Institutional Division of the Texas Department of Criminal Justice. In each case, appellant presents one issue, namely, that his conviction depends upon a

**Arturo DANIEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 07–98–0138–CR, 07–98–0153–CR.**

Court of Appeals of Texas, Amarillo.

Jan. 5, 2000.

judicial confession which was not the product of a knowing, intelligent and voluntary waiver of his privilege against self-incrimination. Disagreeing with that contention, we affirm the judgments of the trial court.

The gist of appellant's complaint is that because he neither orally nor in writing waived his privilege against self-incrimination, the record does not disclose that he voluntarily and understandingly entered his pleas of guilty in the two cases. That contention requires us to closely examine the record.

In each case, appellant and his attorney executed the following written instruments:

1. A written "Punishment Recommendations" form which set out the plea bargain he entered into with the State.

2. A "Written Plea Admonishments" form which contained a description of the charge against appellant, the punishment prescribed, the effect of the plea bargain, its effect upon appellant's right to appeal, the possibility of non-citizenship deportation, and the effect of deferred adjudication. In connection with this form, appellant certified, *inter alia,* that his plea was freely, knowingly, and voluntarily entered.

3. A written "Waivers" form in which appellant waived his right to a jury trial, his right to the confrontation of witnesses and agreed that evidence might be stipulated; he waived prosecution by indictment and agreed that an information might be used, he waived the ten day preparation time, acknowledged he was satisfied with his counsel's representation, waived the waiting period before arraignment, waived his right of appeal and made a judicial confession.

We now turn our focus to appellant's attempt to appeal the original guilty plea for which he received deferred adjudication. He does so now that his deferred adjudication has been revoked and he has been adjudged guilty. Therefore, we must first decide whether appellant is entitled to appeal the voluntariness of his guilty plea at this point in the process. For guidance, we consider the recent case of *Manuel v. State,* 994 S.W.2d 658, 661 (Tex.Crim.App. 1999), where the court noted that it has "long held that a defendant placed on 'regular' community supervision may raise issues relating to the conviction, such as evidentiary sufficiency, only in appeals taken when community supervision is originally imposed." When determining whether that same rule applies to deferred adjudication cases, the court reasoned that the enactment of Article 44.01(j) of the Code of Criminal Procedure in 1987 expressly permitted such matters to be raised in appeals at the time of the grant of deferred adjudication. *Id.* It then held that, given the legislative intent behind Article 44.01(j), the "regular" community supervision rule now applies to deferred adjudication matters. *Id.* That being so, it concluded that a defendant who is placed on deferred adjudication may raise challenges such as the one before us "only in appeals taken when deferred adjudication community supervision is first imposed." *Id.* at 661–62. Of course, in this case, appellant did not do so. Thus, he may not now raise the question he seeks to present by his issue. Appellant's sole issue in each case is overruled.

Accordingly, the judgments of the trial court in each of these companion cases must be, and are, affirmed.