**Johnny Albert RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–98–00426–CR.

Court of Appeals of Texas, El Paso.

June 15, 2000.

Rehearing Overruled July 12, 2000.

Scott Johnson, Pecos, for Appellant.

Randall W. Reynolds, Dist. Atty., Pecos, for State.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

*O P I N I O N*

ANN CRAWFORD McCLURE, Justice.

Johnny Albert Rodriguez appeals his conviction for the offense of sexual assault. By two points of error, Appellant challenges the voluntariness of his original guilty plea. We affirm.

**FACTUAL SUMMARY**

Waiving his right to a jury trial and to an indictment, Appellant entered a negotiated plea of guilty to an information on June 1, 1998. The trial court fully admonished Appellant in writing of his various constitutional rights and all of the requirements found in Article 26.13 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM.PROC.ANN. art. 26.13(a)(d)(Vernon 1989 and Vernon Supp.2000). These written admonishments also informed Appellant of the consequences of deferred adjudication and subsequent revocation. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12 § 5(b)(Vernon Supp.2000). During the guilty plea, Appellant testified that he had read the documents entitled "Waivers of Specified Constitutional Rights" and "Admonitions to the Defendant," that he had gone over them with his attorney, and that he understood them. Pursuant to the plea bargain, the trial court deferred entering an adjudication of guilt and placed Appellant on community supervision for a term of seven years. The State subsequently filed a motion to adjudicate guilt based upon several alleged violations of the pro-

**858**

bation order. Following a contested hearing on the State's motion, the trial court entered an adjudication of guilt and assessed punishment at imprisonment for a term of sixteen years.

## VOLUNTARINESS OF THE ORIGINAL PLEA

■ In Point of Error No. One, Appellant alleges that his plea is involuntary because the trial court failed to properly admonish him pursuant to Article 26.13 of the Texas Code of Criminal Procedure. More specifically, he alleges that the trial court did not admonish him regarding the range of punishment or that his plea could result in deportation if he is not a United States citizen. *See* TEX.CODE CRIM.PROC. ANN. art. 26.13(a)(1)(4). Additionally, in Point of Error No. Two, Appellant contends that his plea is involuntary because the trial court failed to inform him of the consequences of violating a term of community supervision as required by Article 42.12, § 5(b) of the Code of Criminal Procedure.

Neither party has addressed the impact of the Court of Criminal Appeals' recent decision in *Manuel v. State.*[1] Construing TEX.CODE CRIM.PROC.ANN. art. 44.01(j)(Vernon Pamph.2000), the Court determined that a defendant placed on deferred adjudication probation may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication community supervision is first imposed. *Id.* at 661–62. Thus, the Court found that the appellant could not raise the question of evidentiary sufficiency on appeal from the adjudication of guilt. *Id.* at 661. Other courts have applied *Manuel* to hold that a defendant may not raise an issue pertaining to the voluntariness of his original guilty plea on appeal from the adjudication of guilt. *See Daniel v. State,*13 S.W.3d 68 (Tex.App.—Amarillo 2000)(not yet reported); *Clark v. State,* 997 S.W.2d 365 (Tex. App.—Dallas 1999, no pet.). Therefore, we must decide whether we agree that

*Manuel* bars review of a challenge to the voluntariness of the original guilty plea.

In order to more fully understand *Manuel* and the issue before us, it is helpful to first consider the scope of appeal following revocation of probation in ordinary or "regular" probation cases. When a defendant is convicted and placed on regular probation, he is afforded the right to appeal the judgment and sentence by virtue of TEX.CODE CRIM.PROC.ANN. art. 42.12, § 23(b). Following revocation, he is ordinarily restricted to appealing the propriety of the revocation order and he may not challenge the validity of the underlying conviction by raising issues such as evidentiary sufficiency or failure to provide the Article 26.13 admonishments because it is considered an impermissible collateral attack. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 23(b); *see e.g., Traylor v. State,* 561 S.W.2d 492, 494 (Tex.Crim.App.1978)(challenge to sufficiency of evidence to sustain conviction not appealable following revocation); *Heiskell v. State,* 522 S.W.2d 477, 478 (Tex.Crim.App.1975)(failure to properly admonish at guilty plea not appealable following revocation); *Patterson v. State,* 487 S.W.2d 736, 737 (Tex.Crim.App.1972) (complaints regarding stipulation of evidence introduced at guilty plea, sufficiency of the evidence, and improper inducement of guilty plea by assistant district attorney could not be appealed following revocation); *Gossett v. State,* 162 Tex.Crim. 52, 282 S.W.2d 59, 62 (Tex.Crim.App.1955). In *Gossett,* the Court of Criminal Appeals construed the predecessor of Article 42.12, § 23(b) and found that it was not the intention of the legislature to permit two reviews of the trial and conviction of one who has been accorded the benefit of the probation statute. *Gossett,* 162 Tex.Crim. at 58, 282 S.W.2d at 62.

Texas first adopted its deferred adjudication statute in 1975, and for several years, defendants were not permitted an appeal from the order deferring adjudica-

---

1. 994 S.W.2d 658, 661 (Tex.Crim.App.1999).

tion. *See Manuel,* 994 S.W.2d at 661 (discussing statute and case law construing it); *McDougal v. State,* 610 S.W.2d 509 (Tex. Crim.App.1981)(the "clear import" of the statute was to "preclude appellate review of an order deferring adjudication"). Under that law, the defendant's remedy was to move for final adjudication and then pursue an appeal. *McDougal,* 610 S.W.2d at 509. In those circumstances, the defendant could raise a claim pertaining to the original plea proceeding. *Manuel,* 994 S.W.2d at 661, *citing David v. State,* 704 S.W.2d 766, 767 (Tex.Crim.App.1985); *Wright v. State,* 592 S.W.2d 604, 605 (Tex. Crim.App.1980). In 1987, however, the Legislature enacted Article 44.01(j) of the Code of Criminal Procedure, which provides:

> Nothing in this article is to interfere with the defendant's right to appeal under the procedures of Article 44.02 of this code. The defendant's right to appeal under Article 44.02 may be prosecuted by the defendant where the punishment assessed is in accordance with Subsection (a), Section 3d, Article 42.12 of this code, as well as any other punishment assessed in compliance with Article 44.02 of this code.

The Legislature intended by its enactment of Article 44.01(j) to provide defendants who receive deferred adjudication with the same right of appeal as those who are placed on regular probation. *See Dillehey v. State,* 815 S.W.2d 623, 625 (Tex.Crim.App.1991)(discussing legislative history, including comments by Senators Montford and Washington—Senator Montford introduced Article 44.01 authorizing State's right to appeal and agreed to floor amendment at request of Senator Washington permitting appeal by defendants placed on deferred adjudication probation).[2] In *Manuel,* the Court of Criminal Appeals discussed the legislative intent behind Article 44.01(j) and concluded that the rule requiring a defendant to challenge the validity of the original conviction at the time he is first placed on regular probation also applies in the context of appeals following adjudication/revocation. *Manuel,* 994 S.W.2d at 661. In other words, a defendant placed on deferred adjudication probation may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication probation is first imposed. *Id.* at 661–62. It was not the Legislature's intent to permit *two* reviews of the legality of a deferred adjudication order, one at the time deferred adjudication probation is first imposed, and another when, and if, it is later revoked. *Manuel,* 994 S.W.2d at 662.

We find that *Clark* and *Daniel* are consistent with the authority pertaining to an appeal from a revocation order in regular probation cases, and we likewise conclude that Appellant's challenge to the voluntariness of his guilty plea is not cognizable in this appeal from the adjudication order. These complaints should have been raised in an appeal taken when the trial court first imposed deferred adjudication community supervision. Accordingly, Points of Error Nos. One and Two are overruled. Having overruled both issues on appeal, the judgment of the trial court is affirmed.

---

**2.** It is sometimes questioned why subparagraph (j), authorizing a defendant's right to appeal from deferred adjudication probation, was placed in Article 44.01 (which authorizes the State's right to appeal), rather than in Article 44.02. *Dillehey* offers the probable theory that, at the time, Article 44.01 was the only legislative vehicle available for Senator Washington (the proponent of the bill) to get this provision into the Code. *Dillehey,* 815 S.W.2d at 625 n. 3.