**Christopher Lamont JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–98–0411–CR.**

Court of Appeals of Texas,
Amarillo.

Aug. 22, 2000.

---

8. *See Badgett,* 7 S.W.3d at 649.

Earl Griffin, Jr., Childress, for appellant.

Randall Sims, Dist. Atty., Wellington, for appellee.

Before QUINN and REAVIS and JOHNSON, JJ.

PHIL JOHNSON, Justice.

Appellant Christopher Lamont Jones appeals from a judgment adjudicating him

guilty of aggravated sexual assault and sentencing him to confinement for twenty years. We dismiss for lack of jurisdiction.

## I. BACKGROUND

Appellant Christopher Lamont Jones was indicted in Childress County for aggravated sexual assault which allegedly took place in July, 1994. Pursuant to a plea bargain, appellant pled guilty at a hearing held on March 24, 1997. The trial court found that the evidence substantiated appellant's guilt, honored the plea bargain, deferred adjudication for six years and placed appellant on probation. Judgment effecting the court's ruling was signed on March 24, 1997, and appellant did not appeal.

On January 11, 1998, the State filed a motion to adjudicate appellant's guilt. On June 15, 1998, the State filed a First Amended Motion to Adjudicate Guilt. On October 9, 1998, the amended motion was called for hearing. Appellant pled "untrue" to the allegations of the amended motion, whereupon the State presented its evidence and rested.

The trial judge advised appellant that the hearing would be a unified hearing as to evidence on both the issue of adjudication and the issue of punishment, and that appellant should present any evidence he desired to be considered on either adjudication or punishment. Appellant's counsel objected to the court's requiring the presentment of appellant's evidence as to punishment before the court announced a decision as to adjudication. Appellant then rested as to the adjudication issue only, without putting on any evidence.

The trial judge found that appellant violated the terms of his probation, adjudicated him guilty, and imposed sentence of confinement for twenty years in the Texas Department of Criminal Justice–Institutional Division. Appellant's counsel then was granted permission to make and made a bill of exceptions presenting the testimony appellant would have presented at the punishment phase of a bifurcated hearing. Upon completion of the bill, appellant requested the trial judge to admit the evidence on the issue of punishment and to reconsider his punishment ruling. The motion was overruled.

Sentence was imposed on October 9, 1998, and Judgment Adjudicating Guilt was signed on October 13, 1998. Appellant filed a Motion for New Trial on October 27th, a general Notice of Appeal on December 7th, and an Amended Notice of Appeal alleging a jurisdictional defect on December 8, 1998.

Appellant seeks reversal by eleven points of error urging four issues: (1) he was denied effective assistance of counsel at the original plea hearing; (2) his original plea was not voluntary because he received ineffective assistance of counsel; (3) the State's first amended motion to adjudicate appellant guilty was fundamentally defective; and (4) the trial court refused to afford appellant a separate hearing on punishment after appellant was adjudicated guilty, and refused to admit evidence elicited via appellant's bill of exceptions and to reconsider the punishment imposed.

## II. JURISDICTION

### a. Law

A threshold question in any case is whether the court has jurisdiction over the pending controversy. *State v. Roberts*, 940 S.W.2d 655, 657 (Tex.Crim.App.1996). Jurisdiction is the power of the court over the subject matter of the case, conveyed by statute or constitutional provision, *id.*, coupled with personal jurisdiction over the parties. *Flowers v. State*, 935 S.W.2d 131, 134 n. 4 (Tex.Crim.App.1996); *Fairfield v.*

*State*, 610 S.W.2d 771, 779 (Tex.Crim.App. 1981). A court has jurisdiction to determine whether it has jurisdiction. *Roberts*, 940 S.W.2d at 657; *Olivo v. State*, 918 S.W.2d 519, 523 (Tex.Crim.App.1996). Courts will address the question of jurisdiction *sua sponte*. *Roberts*, 940 S.W.2d at 657. For, unless a court has jurisdiction over a matter, its actions in the matter are without validity. *Id.* at 657 n. 2.

■■■ The Rules of Appellate Procedure do not establish jurisdiction of courts of appeals, but, rather, the Rules provide procedures which must be followed in order to invoke jurisdiction over a particular appeal. *Olivo*, 918 S.W.2d at 523. If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is as absent as if it did not exist, *Olivo*, 918 S.W.2d at 523 (quoting *Ex parte Caldwell*, 383 S.W.2d 587, 589 (Tex. Crim.App.1964)), and the appeal will be dismissed for lack of jurisdiction. *See State v. Riewe*, 13 S.W.3d 408, 413–14 (Tex.Crim.App.2000).

■■■ Appellate jurisdiction is invoked by giving timely and proper notice of appeal. *See Riewe*, 13 S.W.3d at 410. To perfect appeal from a judgment which was rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted permission to appeal. Tex.R.App. P. 25.2(b)(3) [1]; *Young v. State*, 8 S.W.3d 656, 666–67 (Tex.Crim.App.2000). Additionally, a claim that the initial plea was

not voluntary can be asserted under a general notice of appeal, even though the plea was pursuant to a plea bargain honored by the trial court. *Flowers v. State*, 935 S.W.2d 131, 133–34 (Tex.Crim.App. 1996) (considering former Rule 40(b)(1)); *Hernandez v. State*, 986 S.W.2d 817, 820 (Tex.App.—Austin, 1999, pet.ref'd); *but see Villanueva v. State*, 977 S.W.2d 693, 695–96 (Tex.App.—Fort Worth 1998, no pet.). If appeal as to an issue or matter is properly perfected, a court must examine the record underlying the notice of appeal to determine if jurisdiction substantively exists as to the issue or matter in question. *Sherman v. State*, 12 S.W.3d 489, 492 (Tex. App.—Dallas 1999, no pet.). Dismissal of an issue or the entire matter is appropriate unless both (1) the form of the notice of appeal is proper to perfect appeal as to the issue or matter, *see Lyon v. State*, 872 S.W.2d 732, 736–37 (Tex.Crim.App.1994), and (2) the alleged jurisdiction is supported by the record. *Sherman*, 12 S.W.3d at 492. In other words, if Rule 25.2(b)(3) is applicable, then for an appellate court to have its jurisdiction invoked over a matter, compliance with Rule 25.2(b)(3) is required as to both form and substance. *Id.*

■■■ The requirements of Rule 25.2(b)(3) can apply to a defendant who plea bargains for deferred adjudication. *See Brown v. State*, 943 S.W.2d 35, 41 (Tex.Crim.App.1997) (construing former Rule 40(b)(1)). In the absence of some express agreement between the prosecutor and the defendant limiting the punishment to be assessed in the event of a subsequent adjudication of defendant, when the prosecutor recommends deferred adjudication in exchange for a defendant's plea of guilty or nolo contendere, then the trial judge does not exceed that recommendation if,

---

1. A rule of appellate procedure will be referred to as "Rule_" hereafter.

upon proceeding to an adjudication of guilt, the judge later assesses any punishment within the range allowed by law. *Watson v. State,* 924 S.W.2d 711, 714 (Tex. Crim.App.1996); *see Ditto v. State,* 988 S.W.2d 236, 239–40 (Tex.Crim.App.1999); *Vidaurri v. State,* 981 S.W.2d 478, 479 (Tex.App.—Amarillo 1998, pet. granted).

#### b. Analysis

 Appellant's guilty plea was the result of a plea bargain in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by appellant. We determine whether our appellate jurisdiction has been invoked, therefore, by examining whether appellant's notice of appeal complies in form with Rule 25.2(b)(3), and whether the record substantiates the jurisdictional allegations of the notice of appeal.

Appellant's Amended Notice of Appeal alleges that "... this appeal is for a jurisdictional defect," without specifying the alleged jurisdictional defect. Appellant's brief does not assert that any of his eleven points of error address jurisdictional issues. Nor do we discern that any of the points address jurisdictional matters. The points complaining that his original plea was not voluntary do not contest the trial court's jurisdiction over either appellant or his case. *Flowers,* 935 S.W.2d at 134 n. 4. Nor does appellant dispute the power of the trial court over him or his case by his complaints as to the ineffectiveness of his counsel during the original proceeding, the form of the State's amended motion to adjudicate, or the trial court's failure to consider his evidence on punishment. Thus, although the form of appellant's Amended Notice of Appeal is sufficient to invoke our jurisdiction, the substance of the record does not substantiate our jurisdiction as to any of his points. But, because appellant may challenge the voluntary nature of his plea by a general notice of appeal, *Flowers,* 935 S.W.2d at 133–34;

*Hernandez,* 986 S.W.2d at 820, we will examine appellant's points ten and eleven, by which he urges that his original plea was not voluntary.

### III. VOLUNTARINESS OF ORIGINAL GUILTY PLEA

By his points ten and eleven appellant challenges the voluntary nature of his original plea of guilty. Point ten claims that his plea of guilty at the original plea proceeding was involuntary and not knowingly made because his counsel rendered ineffective assistance. Point eleven asserts that because he received ineffective assistance of counsel at the original plea proceeding and his plea therefore was not voluntarily and knowingly made, the trial court erred in refusing to allow appellant to withdraw his original plea of guilty. We conclude that we do not have jurisdiction over these points.

#### a. Law

 A party may appeal only that which the Legislature has authorized. *Galitz v. State,* 617 S.W.2d 949, 951 (Tex. Crim.App.1981). The Legislature has provided that a defendant who pleads guilty and is placed on deferred adjudication may raise issues relating to the original plea proceeding only in an appeal taken when the trial court first orders deferred adjudication and imposes community supervision. *Manuel v. State,* 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999). Whether the original guilty plea was knowing and voluntary is an issue which must be raised by appeal taken when deferred adjudication is first imposed. *Daniel v. State,* 13 S.W.3d 68, 69 (Tex.App.—Amarillo 2000, no pet. h.); *Clark v. State,* 997 S.W.2d 365, 368–69 (Tex.App.—Dallas 1999, no pet.).

#### b. Analysis

 Appellant did not appeal these two issues when deferred adjudication was

first imposed on March 24, 1997, as he was required to do. His original and amended notices of appeal filed in December, 1998, were not timely to perfect jurisdiction in this court over matters alleging error in the proceedings relating to the judgment of March 24, 1997, even if we assume appellant's Amended Notice of Appeal to be sufficient in form to invoke our jurisdiction. Rule 26.2(a). Accordingly, we do not have jurisdiction over points ten and eleven to determine if appellant's plea was voluntary.

## CONCLUSION

We do not have jurisdiction over any of the eleven points by which appellant seeks relief. We dismiss the appeal for lack of jurisdiction. Rule 43.2(f).