COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 JESUS CHAVEZ,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-02-00008-CR
  
 Appeal from the
  
 346th District Court
  
 of El Paso County, Texas
  
 (TC# 980D08790)
 
 




 

MEMORANDUM OPINION

 

Jesus Chavez appeals the revocation
of his probation for the offense of driving while intoxicated.  We dismiss the appeal for lack of
jurisdiction.

Facts

On April 29, 1999, Chavez pleaded
guilty to driving while intoxicated as a third- degree felony in cause number
980D08790.  He was sentenced to ten years= imprisonment which was probated to
ten years= community supervision after an
initial 180 days of incarceration.  On
February 28, 2001, Chavez was arrested for driving while intoxicated (Athe August DWI@).  The State filed its motion to revoke Chavez=s probation on August 7, 2001.








On November 28, 2001, the trial court
held a hearing on the motion to revoke. Chavez pleaded true to the allegation
that he violated the terms of his probation by driving while intoxicated, by
failing to pay his fine and court costs, and by failing to do his community
service.  The trial court accepted Chavez=s plea of true.  Chavez was then sentenced to seven years in
prison.

The trial court then took up the
adjudication of the August DWI.  Chavez
pleaded guilty.  The State recommended
imposition of a seven-year sentence to run concurrent with the revocation
sentence.  The court followed that
recommendation, but reduced the entire sentence to six years after another plea
of leniency from counsel, and no opposition from the State.

Appellate jurisdiction is invoked by
giving timely and proper notice of appeal. State v. Riewe, 13 S.W.3d 408,
410 (Tex. Crim. App. 2000); Jones v. State, 42 S.W.3d 143, 147 (Tex.
App.--Amarillo 2000, no pet.).  The Texas
Rules of Appellate Procedure provide the procedures which must be followed to
ensure the proper invocation of this Court=s jurisdiction.  Olivo v. State, 918 S.W.2d 519, 523
(Tex. Crim. App. 1996).  A notice of
appeal that does not comply with the rules thus deprives the court of
jurisdiction, such that the appeal must be dismissed for lack of subject matter
jurisdiction. State v. Roberts, 940 S.W.2d 655, 657 n.2 (Tex. Crim. App.
1996); Olivo, 918 S.W.2d at 523.








Chavez=s Notice of Appeal was filed when he
was without benefit of counsel.   Tex. R. App. P. 9.1(b) requires parties
not represented by counsel to sign all documents for filing.  Although Chavez did not sign the Notice of
Appeal, he did sign the ACertificate of Mailing@ that accompanied the Notice of
Appeal.  We therefore find his Notice of
Appeal Asigned@ within the meaning of Rule
9.1(b).  Tex. R. App. P. 9.1(b).

Although Chavez=s Notice of Appeal passes muster
under Rule 9.1, we perceive another issue concerning our authority to
adjudicate this appeal.  Roberts,
940 S.W.2d at 657 (if not raised by parties Court must address the question of
jurisdiction sua sponte). 
Specifically, we are concerned that Chavez=s Notice of Appeal does not comply
with  Tex.
R. App. P. 25.2.

In this case, Chavez pleaded guilty
to the underlying offense that led to the revocation proceeding, the revocation
itself, and the August DWI.  The sentence
he received was less than that recommended by the prosecutor.  Under such circumstances, Tex. R. App. P. 25.2(b)(3) requires the
notice of appeal:  (1) specify that the
appeal is for a jurisdictional defect; (2) specify that the substance of the
appeal was raised by written motion and ruled on before trial; or (3) state
that the trial court granted permission to appeal.  Tex.
R. App. P. 25.2(b)(3).  Chavez=s Notice of Appeal fails to state any
Rule 25.2 grounds for the appeal of a criminal case, nor does the record
reflect that any of these requirements are otherwise satisfied.  Indeed, the clerk=s record reflects that on January 3,
2002, the trial court denied Chavez permission to appeal.








For these reasons, we find that
Chavez did not properly invoke this Court=s jurisdiction.  His appeal is therefore dismissed for lack of
jurisdiction.

 

SUSAN
LARSEN, Justice

January 9, 2003

 

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.

 

(Do Not Publish)