NO. 07-02-0356-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



AUGUST 4, 2003


______________________________



ESAU ACOSTA RODRIGUEZ
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;



NO. CR-99K-099; HON. H. BRYAN POFF, JR., PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant, Esau Acosta Rodriguez, appeals from an order 1) deferring his
adjudication of guilt for the crime of attempted sexual assault and 2) placing him on
community supervision. Furthermore, his two issues concern the matter of informing him
of his right to appeal once the juvenile court waived its jurisdiction over him. Specifically,
he contends that 1) the juvenile court erred in not advising him that he had a right to
appeal the order waiving jurisdiction, and 2) he received ineffective assistance of counsel
because his attorney failed to advise him of the same right. We dismiss the appeal for
want of jurisdiction.

Background


 Appellant was accused of having committed sexual assault at a time when he was
16 years old. After a hearing, the juvenile court waived its jurisdiction over him. 
Thereafter, the State indicted him for the offense. Pursuant to a plea bargain, appellant
pled guilty to the lesser offense of attempted sexual assault. Thereafter, the trial court
deferred adjudicating him guilty of the offense and placed him on community supervision
for seven years. This was done in accordance with a plea bargain. Finally, appellant's
guilt has yet to be adjudicated or his community supervision revoked. 

Jurisdiction


 Having pled guilty in accordance with a plea agreement and because the trial
court's decision conformed to the agreement, appellant's notice of appeal had to conform
to the dictates of Rule 25.2 of the Texas Rules of Appellate Procedure, as that rule existed 
prior to January 1, 2003. Under that rule, appellant was required to state in his notice
either that 1) his appeal involved a jurisdictional defect, 2) the substance of his appeal was
raised by written motion and ruled on before trial, or 3) the trial court granted him
permission to appeal. Furthermore, the recitations must be truthful. Woods v. State, No.
2365-01, slip op. at 3, 2003 Tex. Crim. App. Lexis 113 (Tex. Crim. App. June 18, 2003,
no pet. h.). For instance, if he avers in his notice of appeal that the issues involve
jurisdictional defects, then the issues mentioned in his brief must concern such defects. 
Id.

 Via a timely amended notice of appeal filed with this court, appellant simply alleged
that "his appeal is for a jurisdictional defect." However, complaint about the effectiveness
of his counsel does not implicate jurisdictional matter. Id. at 4. Nor is the failure of the
juvenile court to admonish him of his right to appeal, assuming such a right existed, of the
type that affects the very power of the State to "bring the defendant in court to answer the
charge against him." See Okigbo v. State, 960 S.W.2d 923, 925 n.1 (Tex. App.-Houston
[1st Dist.] 1998, pet. ref'd) (stating that "[j]urisdictional defects are defects that go to the
very power of the State to bring the defendant in court to answer the charge against him"). 
Accordingly, appellant failed to satisfy the requirements of Rule of Appellate Procedure
25.2 and we, therefore, dismiss the appeal for lack of jurisdiction. Jones v. State, 42
S.W.3d 143, 147 (Tex. App.-Amarillo 2000, no pet.). 

 

 Brian Quinn

 Justice

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon 1998).