NO. 07-03-0134-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 12, 2003

_____

SAMUEL COOK,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 46,594-D; HON. DON EMERSON, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Samuel Cook (appellant) appeals his conviction for burglary of a habitation/enhanced. Pursuant to a plea agreement, appellant pled guilty and punishment was assessed at 20 years in prison. Appellant filed a timely *pro se* notice of appeal and counsel was appointed. Appointed counsel then filed an amended notice of appeal

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

pursuant to Rule 25.2 of the Texas Rules of Appellate Procedure claiming a jurisdictional defect. However, counsel filed an *Anders*[2] brief along with a motion to withdraw because no reversible error existed in this cause. The motion and brief indicate that appellant was informed of his rights to review the appellate record and file his own brief. So too did we inform appellant that any *pro se* response or brief he cared to file had to be filed by August 6, 2003. To date, appellant has filed no *pro se* response or brief.

### *Jurisdiction*

Having pled guilty in accordance with a plea agreement and because the trial court's decision conformed to the agreement, appellant's notice of appeal had to conform to the dictates of Rule 25.2 of the Texas Rules of Appellate Procedure, as that rule existed prior to January 1, 2003. Under that rule, appellant was required to state in his notice either that 1) his appeal involved a jurisdictional defect, 2) the substance of his appeal was raised by written motion and ruled on before trial, or 3) the trial court granted him permission to appeal. Furthermore, the recitations must be truthful. *Woods v. State,* No. 2365-01, slip op. at 3, 2003 LEXIS 113 at *7-8 (Tex. Crim. App. June 18, 2003). For instance, if he avers in his notice of appeal that the issues involve jurisdictional defects, then the issues mentioned in his brief must concern such defects. *Id.*

Via a timely amended notice of appeal filed with this court, appellant simply alleged that "his appeal is for a jurisdictional defect." However, complaint was not raised in his brief addressing any jurisdictional defect. *Id.* at 4. Instead, appellant contends that no reversible error was disclosed by the record in appellant's case, not even

---

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

the type that affects the very power of the State to "bring the defendant in court to answer the charge against him." *See Okigbo v. State*, 960 S.W.2d 923, 925 n.1 (Tex. App.–Houston [1st Dist.] 1998, pet. ref'd) (stating that "[j]urisdictional defects are defects that go to the very power of the State to bring the defendant in court to answer the charge against him"). Accordingly, appellant failed to satisfy the requirements of Rule of Appellate Procedure 25.2, and we dismiss the appeal for lack of jurisdiction. *Jones v. State*, 42 S.W.3d 143, 147 (Tex. App.–Amarillo 2000, no pet.).

Brian Quinn
Justice

Do not publish.