NO. 07-03-0134-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



AUGUST 12, 2003


______________________________



SAMUEL COOK
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 46,594-D; HON. DON EMERSON, PRESIDING


_______________________________


 

Memorandum Opinion


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Samuel Cook (appellant) appeals his conviction for burglary of a
habitation/enhanced. Pursuant to a plea agreement, appellant pled guilty and punishment
was assessed at 20 years in prison. Appellant filed a timely pro se notice of appeal and
counsel was appointed. Appointed counsel then filed an amended notice of appeal
pursuant to Rule 25.2 of the Texas Rules of Appellate Procedure claiming a jurisdictional
defect. However, counsel filed an Anders (2) brief along with a motion to withdraw because
no reversible error existed in this cause. The motion and brief indicate that appellant was
informed of his rights to review the appellate record and file his own brief. So too did we
inform appellant that any pro se response or brief he cared to file had to be filed by August
6, 2003. To date, appellant has filed no pro se response or brief. 

Jurisdiction


 Having pled guilty in accordance with a plea agreement and because the trial
court's decision conformed to the agreement, appellant's notice of appeal had to conform
to the dictates of Rule 25.2 of the Texas Rules of Appellate Procedure, as that rule existed
prior to January 1, 2003. Under that rule, appellant was required to state in his notice
either that 1) his appeal involved a jurisdictional defect, 2) the substance of his appeal was
raised by written motion and ruled on before trial, or 3) the trial court granted him
permission to appeal. Furthermore, the recitations must be truthful. Woods v. State, No.
2365-01, slip op. at 3, 2003 Lexis 113 at *7-8 (Tex. Crim. App. June 18, 2003). For
instance, if he avers in his notice of appeal that the issues involve jurisdictional defects,
then the issues mentioned in his brief must concern such defects. Id. Via a timely amended notice of appeal filed with this court, appellant
simply alleged that "his appeal is for a jurisdictional defect." However, complaint was not
raised in his brief addressing any jurisdictional defect. Id. at 4. Instead, appellant
contends that no reversible error was disclosed by the record in appellant's case, not even
the type that affects the very power of the State to "bring the defendant in court to answer
the charge against him." See Okigbo v. State, 960 S.W.2d 923, 925 n.1 (Tex.
App.-Houston [1st Dist.] 1998, pet. ref'd) (stating that "[j]urisdictional defects are defects
that go to the very power of the State to bring the defendant in court to answer the charge
against him"). Accordingly, appellant failed to satisfy the requirements of Rule of Appellate
Procedure 25.2, and we dismiss the appeal for lack of jurisdiction. Jones v. State, 42
S.W.3d 143, 147 (Tex. App.-Amarillo 2000, no pet.). 

 

 Brian Quinn

 Justice

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).