NO. 07-04-0443-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 22, 2005


______________________________



DEMITRIUS LAMARR CURTIS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 47,408-A; HON. HAL MINER, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Appellant, Demitrius LaMarr Curtis, appeals from a judgment 1) adjudicating him
guilty for the offense of possessing a controlled substance and 2) revoking his community
supervision. He originally pled guilty to the crime. Furthermore, the trial court, per a plea
agreement, deferred the adjudication of his guilt and placed him on community supervision.
Thereafter, the State moved to have his guilt adjudicated. In response, appellant moved
to withdraw his original plea of guilty. The trial court denied the latter motion and, instead,
granted that of the State. Consequently, appellant was adjudicated guilty of the offense
mentioned above and sentenced to prison for ten years. The sole issue before us involves
the voluntariness of his original plea and the trial court's denial of his motion to withdraw
it. We dismiss the appeal for want of jurisdiction.

 To the extent appellant contends his original plea of guilty was involuntary, we have
no jurisdiction over that debate. This is so because the issue was not raised on appeal
immediately after the trial court accepted his plea, deferred his adjudication of guilt, and 
placed him on community supervision. Jordan v. State, 54 S.W.3d 783, 786 (Tex. Crim.
App. 2001); Jones v. State, 42 S.W.3d 143, 148-49 (Tex. App.-Amarillo 2000, no pet.). 

 Next, and to the extent that appellant questions the trial court's denial of his motion
to withdraw the plea, we read the argument as an attack on the decision to adjudicate his
guilt. In other words, appellant is arguing that the trial court should not have adjudicated
him guilty because his plea was involuntary. Yet, again, we have no jurisdiction to entertain
the matter since statute bars a defendant from appealing the trial court's decision to
adjudicate guilt. Tex. Code Crim. Proc. Ann. art. 42.12, §5(b) (Vernon Supp. 2004-05);
see Porter v. State, 93 S.W.3d 342, 344 (Tex. App.-Houston [14th Dist.] 2002, pet. ref'd)
(stating that a defendant who is adjudicated guilty of the original charge cannot appeal
supposed error in the adjudication of guilt process). 

 Having no jurisdiction over the contentions raised by appellant, we dismiss the
appeal for want of jurisdiction.


 Brian Quinn 

 Justice


Do not publish.



cked="false" Priority="9" QFormat="true" Name="heading 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                            NO. 07-10-0314-CR

                                                                              

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                              AUGUST
18, 2010

                                            ______________________________

 

                                                          JOHNNY
EDWARDS,

 

Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

Appellee

                                         _________________________________

 

                        FROM THE
181st DISTRICT COURT OF POTTER COUNTY;

 

                                NO.
51,148-B; HON. JOHN B. BOARD, PRESIDING

                                           _______________________________

 

                                                        ORDER
OF DISMISSAL

                                           _______________________________

 

Before
QUINN, C.J., and CAMPBELL and PIRTLE, JJ.








Appellant, Johnny Edwards, appeals his conviction
for assault on a public servant.  The
certification of right to appeal executed by the trial court states that this Ais a plea bargain case and the defendant has NO
right of appeal.  This circumstance was
brought to the attention of appellant and opportunity was granted him to obtain
an amended certification entitling him to appeal.  No such certification was received within the
time we allotted.  Having received no
amended certification, we dismiss the appeal per Texas Rule of Appellate
Procedure 25.2(d).

 

Per
Curiam

 

Do not publish.