NO. 07-04-0443-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 22, 2005
_____

DEMITRIUS LAMARR CURTIS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 47,408-A; HON. HAL MINER, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Appellant, Demitrius LaMarr Curtis, appeals from a judgment 1) adjudicating him guilty for the offense of possessing a controlled substance and 2) revoking his community supervision. He originally pled guilty to the crime. Furthermore, the trial court, per a plea agreement, deferred the adjudication of his guilt and placed him on community supervision. Thereafter, the State moved to have his guilt adjudicated. In response, appellant moved to withdraw his original plea of guilty. The trial court denied the latter motion and, instead, granted that of the State. Consequently, appellant was adjudicated guilty of the offense mentioned above and sentenced to prison for ten years. The sole issue before us involves

the voluntariness of his original plea and the trial court's denial of his motion to withdraw it.  We dismiss the appeal for want of jurisdiction.

To the extent appellant contends his original plea of guilty was involuntary, we have no jurisdiction over that debate.  This is so because the issue was not raised on appeal immediately after the trial court accepted his plea, deferred his adjudication of guilt, and placed him on community supervision.  *Jordan v. State,* 54 S.W.3d 783, 786 (Tex. Crim. App. 2001); *Jones v. State,* 42 S.W.3d 143, 148-49 (Tex. App.–Amarillo 2000, no pet.).

Next, and to the extent that appellant questions the trial court's denial of  his motion to withdraw the plea, we read the argument as an attack on the decision to adjudicate his guilt.  In other words, appellant is arguing that the trial court should not have adjudicated him guilty because his plea was involuntary.  Yet, again, we have no jurisdiction to entertain the matter since statute bars a defendant from appealing the trial court's decision to adjudicate guilt.  TEX. CODE CRIM. PROC. ANN.  art. 42.12, §5(b) (Vernon Supp. 2004-05); *see Porter v. State*, 93 S.W.3d 342, 344 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd) (stating that a defendant who is adjudicated guilty of the original charge cannot appeal supposed error in the adjudication of guilt process).

Having no jurisdiction over the contentions raised by appellant, we dismiss the appeal for want of jurisdiction.

Brian Quinn
Justice


Do not publish.

2