COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| LORENZO CARREON, | § | |
| | | No. 08-12-00239-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 120th District Court |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC#20100D00325) |
| | § | |

**O P I N I O N**

Appellant, Lorenzo Carreon, appeals the trial court's order adjudicating his guilt and revoking his community supervision. We affirm.

**BACKGROUND**

In July 2010, Appellant pleaded guilty to two counts of aggravated assault on a public servant. The trial court deferred adjudication of guilt and placed Appellant on ten years' community supervision. As part of the terms and conditions of his community supervision, Appellant was prohibited from committing any additional offense of federal or state law, and instructed to avoid injurious or vicious habits including the purchasing, selling, consumption, possession or transportation of alcohol. In October 2010, the State indicted Appellant for the

offense of murder.   Subsequently, in November 2010, the State moved to adjudicate Appellant's guilt in this case, alleging that Appellant violated each of these terms and conditions.

At the adjudication hearing in July 2012, the trial court judicially noticed both the testimony and exhibits from Appellant's murder trial,[1] which demonstrated Appellant's possession and consumption of alcohol while on community supervision.   The trial court found the State's allegations to be true, adjudicated Appellant's guilt, and sentenced him to ten years' confinement for the first count, and thirty years' confinement for the second count, and ordered the sentences to run concurrently.   Appellant raises two issues on appeal.

## DISCUSSION

In Issue One, Appellant claims the trial court abused its discretion by adjudicating his guilt because he affirmatively proved his defense of insanity during his murder trial.   We disagree.

We review a trial court's adjudication of guilty and revocation of community supervision for an abuse of discretion.   *Bryant v. State*, 391 S.W.3d 86, 93 (Tex.Crim.App. 2012).   The State must prove by a preponderance of the evidence at least one violation of the terms of community supervision.   *Id.*; *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex.Crim.App. 2006). The defense of insanity is usually not entertained at revocation proceedings, and if so, it only pertains to criminal, and not noncriminal, or "technical" violations.   *Armstrong v. State,* 134 S.W.3d 860, 863-64 (Tex. App.—Texarkana 2004, pet. ref'd)(adopted the standard set forth in federal court, *citing United States v. Brown,* 899 F.2d 189 (2d Cir. 1990)).   In a revocation proceeding, "guilt or innocence is not at issue, and the trial court is not concerned with

---

[1]  This is a companion case to Cause No. 08-12-00196-CR, in which a jury convicted Appellant of murder.

determining the defendant's original criminal culpability." *Davenport v. State,* 574 S.W.2d 73, 75 (Tex.Crim.App. 1978). But rather, the trial court considers, "whether the appellant broke the contract he made with the court after the determination of his guilt." *Kelly v. State,* 483 S.W.2d 467, 469 (Tex.Crim.App. 1972).

In this case, the State alleged one criminal violation, committing the offense of murder, and one noncriminal violation, the possession and consumption of alcohol. Appellant was not entitled to raise the defense of insanity regarding the noncriminal violation of possession and consumption of alcohol. *See Armstrong,* 134 S.W.3d at 863. At his murder trial, Appellant admitted that he had beer in his home and he was drunk at the time the victim came to his home. This evidence shows Appellant both possessed and consumed alcohol, and that the murder occurred while Appellant was on community supervision. Because a preponderance of the evidence proves at least one violation of Appellant's terms and conditions of community supervision, the trial court did not abuse its discretion in adjudicating Appellant's guilt. *Bryant*, 391 S.W.3d at 93. Issue One is overruled.

In Issue Two, Appellant asserts he involuntarily entered his original guilty plea based on the alleged ineffective assistance of counsel.

A defendant who has pleaded guilty and been placed on deferred adjudication community supervision, may only raise issues relating to the original plea proceeding in an appeal following the trial court's order for deferred adjudication. *Perez v. State,* 424 S.W.3d 81, 85-86 (Tex.Crim.App. 2014); *see also, Nix v. State,* 65 S.W.3d 664, 669 (Tex.Crim.App. 2001) (holding that ineffective assistance of counsel does not constitute a fundamental error exception to the timing rule). After the trial court has adjudicated guilt, Appellant cannot challenge the

3

voluntariness of his original plea. *Rodriguez v. State,* 20 S.W.3d 857, 859 (Tex. App.—El Paso 2000, pet. ref'd). Because Appellant did not challenge whether or not he entered a voluntary plea until after the trial court adjudicated his guilt, his attempt to do so now is not cognizable in this appeal. *Perez,* 424 S.W.3d at 85-86; *Rodriguez,* 20 S.W.3d at 859. Issue Two is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

August 27, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

4