**Aliclatho Phrona CLARK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 05–96–01702–CR, 05–96–01703–CR.**

Court of Appeals of Texas,
Dallas.

Aug. 2, 1999.

Fred L. Tinsley, Dallas, for Appellant.

Lisa L. Braxton Smith, Asst. Dist. Atty., Dallas, for State.

## OPINION ON REHEARING

Opinion By Justice ROACH.

In our original opinion, we held that a defendant who receives deferred adjudication probation after his plea of guilty or nolo contendere may appeal the voluntari-

ness of his original plea either (1) at the time he is placed on deferred adjudication probation or (2) at the time he is finally adjudicated and punishment assessed, regardless of when that occurs. Following the issuance of our opinion, the Texas Court of Criminal Appeals issued its opinion in *Manuel v. State*, 994 S.W.2d 658 (Tex.Crim.App. 1999). In light of the holding in *Manuel*, we must reevaluate our original holding and our jurisdiction over these appeals. Therefore, we grant the State's motion for rehearing. The Court's opinion of May 11, 1999 is withdrawn. The judgments of May 11, 1999 are vacated. The following is now the opinion of the Court.

Aliclatho Phrona Clark was charged with two counts of delivery of cocaine. On September 6, 1991, he entered nonnegotiated, or open, pleas of nolo contendere in both cases before a magistrate. One week later, the trial court held a hearing, accepted Clark's pleas, and found the evidence in both cases substantiated his guilt. In cause number 05–96–01702–CR, the trial court deferred a finding of guilt and placed Clark on ten years' probation. In cause number 05–96–01703–CR, the trial court found Clark guilty of delivery of cocaine and ultimately placed him on ten years' probation.[1]

Nineteen months later, the State filed a motion to adjudicate guilt in cause number 05–96–01702–CR, alleging Clark violated conditions of his probation. Clark pleaded true to the allegations on April 26, 1993, and the trial court found Clark guilty of delivery of cocaine and sentenced him to twenty years in prison.

The State filed a motion to revoke probation in the companion case on May 13, 1993. That same day, Clark pleaded true to the allegations in the motion, and the trial court found the allegations true, revoked Clark's probation, and sentenced

him to ten years in prison. These appeals ensued.

In a single brief, Clark brings three points of error complaining that (1) each of his nonnegotiated pleas of nolo contendere was unknowingly and involuntarily entered because the trial court did not admonish him of the range of punishment before accepting his pleas and (2) the trial court erred and abused its discretion by adjudicating his guilt without providing him written notice of the claimed violations of his probation. Before turning to the merits of Clark's complaints, we must first determine whether we have jurisdiction over these appeals. We address our jurisdiction over each appeal separately.

## DEFERRED ADJUDICATION (05–96–01702–CR)

■ In cause number 05–96–01702–CR, Clark makes two complaints. In his first point of error, he complains the trial court erred in proceeding to adjudicate his guilt and assess punishment without providing him with written notice of the alleged "probation violations." This complaint is not directed to error committed by the trial court after adjudication. Rather, it is directed at the trial court's decision to adjudicate guilt on the original charge. Consequently, we have no jurisdiction over this complaint. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1999) (providing that no appeal may be taken from the determination to adjudicate guilt); *see also Olowosuko v. State*, 826 S.W.2d 940, 941–42 (Tex.Crim.App.1992).

■ In his third point of error, Clark challenges the voluntariness of his original plea entered nineteen months before he was adjudicated. In particular, he contends his nolo contendere plea was not freely and voluntarily entered because the trial court did not admonish him on the

---

1. At the hearing, the trial court sentenced Clark to ten years in prison. Three months later, the trial court suspended further execution of the sentence, apparently pursuant to

article 42.12, section 6 of the Texas Code of Criminal Procedure, and placed him on probation.

range of punishment before accepting his plea.

The threshold inquiry is whether Clark was required to bring his voluntariness complaint at the time he was placed on deferred adjudication probation in order to invoke the jurisdiction of this Court. On original submission, we relied on the plain language of article 42.12, section 5(b) in concluding he was not.[2] The Texas Court of Criminal Appeals's recent holding in *Manuel*, however, compels a different result.

In *Manuel*, the defendant was placed on deferred adjudication probation as part of a plea bargain agreement. He subsequently violated the conditions of his probation, was found guilty, and sentenced to prison. On appeal, he complained the evidence adduced at his original plea hearing was insufficient to support his guilt.

Instead of simply relying on clearly established law to answer the jurisdictional issue presented in *Manuel*,[3] the court of criminal appeals went further and held for the first time that the rule that applies to appeals in regular probation cases also applies to deferred adjudication cases:

> "We have long held that a defendant placed on "regular" community supervision may raise issues relating to the conviction, such as evidentiary sufficiency, only in appeals taken when community supervision is originally imposed. [Citations omitted.] That is, such issues may not be raised in appeals filed after "regular" community supervision is revoked. Given the legislative intent behind Article 44.01(j), we now hold that this rule also applies in the deferred adjudication context. In other words, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency,

only in appeals taken when deferred adjudication community supervision is first imposed."

*Manuel*, at 661–62.

The Court reasoned that article 44.01(j) ushered in a "significant change" in deferred adjudication law by allowing defendants to appeal the deferred adjudication order just as a defendant is allowed to appeal his conviction in a "regular" probation case. *Id.* at 660–61. Thus, it appears that *Manuel* has eliminated the distinction between the two forms of probation for appeal purposes. In particular, the Court has nullified the language in article 42.12, section 5(b) that requires all proceedings, including the defendant's appeal, to continue as if adjudication had not been deferred. *See* Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.1999).

We recognize the precise issue in *Manuel* was whether the Court had jurisdiction over a sufficiency point. However, the Court did not limit its holding to that issue. Rather, we read *Manuel* to require a defendant to appeal *any* issue "relating to the original plea hearing" at the time he is placed on deferred adjudication probation, just as he would in an appeal from the conviction in a "regular" probation case. This Court recently concluded that it had no jurisdiction to consider a defendant's complaint about the voluntariness of her original plea in an appeal from the order revoking her "regular" probation. *See Davis v. State*, 977 S.W.2d 859, 861 (Tex.App.-Dallas 1998, no pet.). Likewise, we conclude a defendant must appeal the voluntariness of his plea at the time he is placed on deferred adjudication probation and cannot wait until he is adjudicated to bring this issue.

In this case, Clark could have appealed the order placing him on deferred adjudi-

---

**2.** Article 42.12, section 5(b) provides, in relevant part, that "[a]fter an adjudication of guilt, all proceedings, including ... defendant's appeal continue as if the adjudication of guilt had not been deferred." *See* Tex.Code

Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.1999).

**3.** *See Manuel*, at 661, & dissenting opinion, Johnson, J. at 661–62.

cation probation and could have argued at that time that his plea was not voluntary because he did not receive the proper admonishments. He did not. Instead, he waited for nineteen months, until he was adjudicated, to bring his complaint. Consequently, his appeal of this issue is untimely.

Because we do not have jurisdiction over either point presented by Clark in cause number 05–96–01702–CR, we dismiss the appeal for want of jurisdiction.

## "REGULAR" PROBATION (05–96–01703–CR)

■ In cause number 05–96–01703–CR, Clark was placed on "regular" probation which was later revoked. He contends, as he did in the related case, that his original plea was involuntary because of improper admonishments. Generally, an appeal from an order revoking probation is limited to the propriety of the revocation order and does not include review of the original conviction. *See Whetstone v. State*, 786 S.W.2d 361, 363 (Tex.Crim.App. 1990); *Christian v. State*, 865 S.W.2d 198, 201 (Tex.App.-Dallas 1993, pet. ref'd). Thus, because Clark waited for almost two years and did not bring this issue within thirty days of his original plea, we would not have jurisdiction over it under normal circumstances. *See Davis*, 977 S.W.2d at 861. However, in this case, the court of criminal appeals granted an out-of-time appeal from Clark's "conviction," not from the order revoking probation. *Ex parte Clark*, No. 72, 468, slip op. at 1 (Tex.Crim. App. Sept. 11, 1996) (not designated for publication). For this reason, we will address Clark's complaint that his original plea was involuntary because the trial court did not admonish him on the range of punishment before accepting his plea.

■ Article 26.13 of the code of criminal procedure requires a trial judge, before accepting a plea of guilty or nolo contendere, to admonish a defendant about the range of punishment. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon 1989). At the hearing before the magistrate, prior to the trial court's acceptance of Clark's plea, the magistrate ascertained that Clark: (1) could read the English language; (2) had gone over with his attorney and understood every document that he had signed in this case; (3) had read and understood the indictment and had gone over it with his lawyer; (4) understood that he was charged with unlawful delivery of cocaine; and (5) understood a nolo contendere plea could be used to support a finding of guilt. The magistrate then admonished Clark as follows:

[MAGISTRATE]: Do you understand that the Court can sentence you up to a maximum of 99 years or life in prison and assess a $20,000 fine in either or both of these cases and can stack or run them concurrently?

[APPELLANT]: Yes, sir.

[THE MAGISTRATE]: Do you wish to persist in entering your plea at this time in each case?

[APPELLANT]: Yes, sir.

In addition to the oral admonishment on punishment, the clerk's record contains a document entitled, "Court's Admonition of Statutory and Constitutional Rights and Defendant's Acknowledgment." The document provides that prior to the entry of Clark's plea, the trial court admonished him pursuant to article 26.13 of the code of criminal procedure and the United States and Texas constitutions. The written admonishments include the following:

1. You are charged with the crime of Unlawful Delivery of a Controlled Substance, to-wit: Cocaine as charged in the indictment and the range of punishment is 5 to 99 years or life confinement in the Texas Department of Corrections and an optional fine not to exceed $20,000.

Clark signed the document, acknowledging he understood the admonitions and the consequences of his plea. Clark acknowledged both at the September 6, 1991 hearing before the magistrate and again at the September 13, 1991 hearing before the

trial judge that he read and understood the papers he had signed. Based on the record, we conclude Clark was properly admonished regarding the range of punishment prior to the trial court's acceptance of his plea. We overrule the second point of error.

In conclusion, we dismiss for want of jurisdiction appellant's appeal under cause number 05–96–01702–CR. We overrule the sole point of error in 05–96–01703–CR and affirm the trial court's judgment in that cause.