TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-00-00073-CR







Fernando Zuniga, Jr., Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. CR93-0133-B, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING








 On September 1, 1993, appellant Fernando Zuniga, Jr., entered a guilty plea to the
offense of delivering cocaine. The trial court deferred adjudication of guilt and placed appellant
on community supervision for ten years. On January 26, 1999, the State filed a motion to revoke
probation and to adjudicate appellant's guilt. The trial court found that appellant had violated a
condition of community supervision by violating the laws of this State, adjudicated appellant's
guilt, and assessed his punishment at imprisonment for twenty-five years.

 Appellant's sole point of error is that:  "The trial court abused its discretion when
it denied appellant the right to receive notice of the allegations against him." This complaint is
based on appellant's contention that the trial court conducted the revocation hearing less than
seven days after the State amended its motion to revoke without the State showing good cause for
the amendment. The Code of Criminal Procedure provides that "in a felony case, the State may
amend the motion to revoke community supervision any time up to seven days before the date of
the revocation hearing, after which time the motion may not be amended except for good cause
shown." Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b) (West Supp. 2000). The State filed
an amended motion to revoke community supervision on October 29, 1999. Over appellant's
objection, the trial court commenced hearing the amended motion to revoke on November 4,
1999. After the State offered the testimony of three witnesses, the trial court recessed the hearing. 
The hearing was continued on November 12, 1999. The State called one more witness and
appellant testified and called four other witnesses. Appellant's claim is in essence that the trial
court should not have adjudicated his guilt.

 The Texas Code of Criminal Procedure provides:


On violation of a condition of community supervision imposed under . . . this
section, the defendant may be arrested and detained as provided in section 21 of
this article. The defendant is entitled to a hearing limited to the determination by
the court of whether it proceeds with an adjudication of guilt on the original
charge. No appeal may be taken from this determination . . . . 



Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2000) (emphasis added); see Phynes
v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 941-42
(Tex. Crim. App. 1992); Clark v. State, 997 S.W.2d 365, 367 (Tex. App.--Dallas 1999, no pet.).


 Because no appeal may be taken from the trial court's adjudication of guilt, we
dismiss the appeal for lack of jurisdiction.



 


 Carl E. F. Dally, Justice

Before Justices Jones, Kidd and Dally*

Dismissed for Lack of Jurisdiction

Filed: August 31, 2000

Do Not Publish

















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



ly: CG Times Regular">





 On September 1, 1993, appellant Fernando Zuniga, Jr., entered a guilty plea to the
offense of delivering cocaine. The trial court deferred adjudication of guilt and placed appellant
on community supervision for ten years. On January 26, 1999, the State filed a motion to revoke
probation and to adjudicate appellant's guilt. The trial court found that appellant had violated a
condition of community supervision by violating the laws of this State, adjudicated appellant's
guilt, and assessed his punishment at imprisonment for twenty-five years.

 Appellant's sole point of error is that:  "The trial court abused its discretion when
it denied appellant the right to receive notice of the allegations against him." This complaint is
based on appellant's contention that the trial court conducted the revocation hearing less than
seven days after the State amended its motion to revoke without the State showing good cause for
the amendment. The Code of Criminal Procedure provides that "in a felony case, the State may
amend the motion to revoke community supervision any time up to seven days before the date of
the revocation hearing, after which time the motion may not be amended except for good cause
shown." Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b) (West Supp. 2000). The State filed
an amended motion to revoke community supervision on October 29, 1999. Over appellant's
objection, the trial court commenced hearing the amended motion to revoke on November 4,
1999. After the State offered the testimony of three witnesses, the trial court recessed the hearing. 
The hearing was continued on November 12, 1999. The State called one more witness and
appellant testified and called four other witnesses. Appellant's claim is in essence that the trial
court should not have adjudicated his guilt.

 The Texas Code of Criminal Procedure provides:


On violation of a condition of community supervision imposed under . . . this
section, the defendant may be arrested and detained as provided in section 21 of
this article. The defendant is entitled to a hearing limited to the determination by
the court of whether it proceeds with an adjudication of guilt on the original
charge. No appeal may be taken from this determination . . . . 



Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2000) (emphasis added); see Phynes
v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 941-42
(Tex. Crim. App. 1992); Clark v. State, 997 S.W.2d 365, 367 (Tex. App.--Dallas 1999, no pet.).