Opinion of July 3, 2007, Withdrawn; Dismissed and Substitute Memorandum
Opinion filed July 12, 2007








 

Opinion
of July 3, 2007, Withdrawn; Dismissed
and Substitute Memorandum Opinion filed July 12, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00555-CR

____________

 

RODNEY JACK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 877843

 



 

S U B S T I T U T E   M E M O R A N D U M  O P I N I O N[1]

 Challenging his conviction for indecency with a child,
appellant Rodney Jack contends the trial court erred in failing to admonish him
that he had a limited time to appeal following the trial court=s order deferring
adjudication of his guilt.  We dismiss for lack of jurisdiction.








 Factual and Procedural
Background

After being charged with indecency with a child, appellant
pleaded Aguilty@ without an agreed
recommendation. The trial court found sufficient evidence to substantiate
appellant=s guilt, but deferred adjudication of his guilt,
placing appellant on deferred community supervision for eight years. 
Approximately two months later, the State filed a motion to adjudicate
appellant=s guilt, alleging that appellant had violated a number
of conditions of his community supervision.  Appellant, under a plea-bargain
agreement, stipulated to the violations alleged in the State=s motion to
adjudicate.  The trial court found appellant guilty, and in accordance with the
terms of the plea-bargain agreement, sentenced appellant to four years= confinement.[2] 
Nonetheless, on May 30, 2002, appellant filed a pro se notice of appeal
from his plea of guilty.  On September 26, 2002, at this court=s request, the
trial court held an indigency hearing.  At that hearing, the trial court
appointed  appellate counsel.  On November 22, 2006, appellant=s appointed counsel
filed his appellate brief.  The State filed its reply brief on December 29,
2006, and this case was submitted without oral argument on March 20, 2007. 

Lack of
Jurisdiction

 








In his sole issue, appellant contends the trial court erred
in failing to admonish him about the appellate timetable applicable to his
deferred adjudication.  More specifically, he contends that the trial court
should have informed him that, in the event he received deferred adjudication
probation, he would have to appeal all matters relating to his original plea
within thirty days of the judgment entering deferred adjudication on that
plea.  Appellant seeks to have the judgment adjudicating his guilt reversed.

This court=s jurisdiction on an appeal from an
adjudication of guilt is extremely limited.  No appeal maybe taken from a trial
court=s determination of
whether to proceed with an adjudication of guilt on the original charge.  See
Tex. Code Crim. Proc. Ann. Art.
42.12  '5(b) (Vernon
2006).  Article 42.12 section 5(a) provides that A[t]he judge shall
inform the defendant orally or in writing of the possible consequences. . .of a
violation of [deferred adjudication probation].  If the information is provided
orally, the judge must record and maintain the judge=s statement to the
defendant.@  Id. (clarifying that failure by the trial
judge to inform a defendant of the consequences of a violation of the terms of
deferred adjudication probation is not grounds for reversal unless the
defendant demonstrates harm).  Section 5(b) provides that if a defendant
violates the terms of deferred adjudication probation, he is entitled to a
hearing for the limited purpose of determining whether to adjudicate guilt, but
the defendant may not appeal this decision by the trial court to adjudicate
guilt.  Id. at ' 5(b).  

This court=s jurisdiction to consider error from the
original proceeding is also very limited.  Error in the original plea
proceeding must be appealed when the conditions of deferred adjudication were
originally imposed.  See Vidaurri v. State, 49 S.W.3d 880, 884 (Tex.
Crim. App. 2001);  Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim. App.
1999).    Appellant may not appeal matters relating to the original plea
proceeding after his probation has been revoked and his adjudication of guilt
formally made.  Manuel, 994 S.W.2d at 662. 








Appellant=s complaint on appeal relates to an
admonishment that he alleges the trial court should have given him when he
pleaded guilty, and was placed on deferred adjudication.   Because appellant
did not timely appeal from the trial court=s judgment
deferring his guilt, this court does not have jurisdiction to review the
adequacy of the admonishments.  See Id.; see also Clark v. State, 997
S.W.2d 365, 368 (Tex. App.CDallas 1999, no pet.) (concluding that
defendant must raise issues relating to admonishments provided at original plea
at the time he is placed on deferred adjudication community supervision). 
Accordingly, we dismiss this appeal for lack of jurisdiction.  

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Dismissed and Substitute Memorandum
Opinion filed July 12, 2007.

Panel consists of Justices Frost,
Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  We withdraw our opinion issued on July 3, 2007, and issue this opinion
in its place. 





[2]  We note that appellant did not sign a waiver of his
right to appeal when the court adjudicated his  guilt.  Thus, we do not find
that appellant waived his right to appeal in this case.  In addition, although
the record does not contain a trial court=s
certification of appellant=s right to
appeal, no certification was necessary at the time of this judgment.   The
certification requirement in Texas Rule of Appellate Procedure  25.2(d)
did not become effective until January 2003.  The judgment adjudicating
appellant=s guilt in this case was signed in May 2002.