# NO. 12-09-00198-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN WAYNE ARMSTEAD,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

John Wayne Armstead appeals from his conviction for forgery. In one issue, Appellant argues that his guilty plea was involuntary because the trial court did not admonish him as required by law following his plea. We affirm in part and dismiss for lack of jurisdiction in part.

## BACKGROUND

Appellant pleaded guilty to the state jail felony offense of forgery in December 2007. The trial court accepted Appellant's plea agreement with the State, deferred adjudication of his guilt, and placed him on community supervision. The trial court held a hearing in June 2009 to consider the State's motion to terminate Appellant's community supervision. Appellant admitted that he had violated some of the terms of his community supervision and denied that he had violated others. Following a contested hearing, the trial court found several of the alleged violations of Appellant's community supervision to be true, found Appellant guilty, and assessed punishment at confinement in the state jail for two years. This appeal followed.

## VOLUNTARINESS OF PLEA

In his sole issue, Appellant argues that his guilty plea was involuntary because the trial

1

court did not, following his guilty plea, advise him of the possible consequences of a violation of the terms of his community supervision.

**Applicable Law**

In certain criminal cases, a trial court may accept a defendant's guilty plea but defer a finding of guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2009). In such a case, the trial court defers a decision on an adjudication of guilt and places the defendant on community supervision. *Id.* If the defendant violates the terms of his community supervision, the trial court may find the defendant guilty and proceed as if the deferral of adjudication had not occurred. *Id.* § 5(b). On the other hand, if the term of community supervision expires and the trial court has not adjudicated the defendant's guilt, the trial court must dismiss the proceedings and discharge the defendant. *Id.* § 5(c).

After placing a defendant on community supervision, the law requires that the judge "inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision." *Id.* at § 5(a). The failure to comply with this requirement "is not a ground for reversal unless the defendant shows that he was harmed by the failure of the judge to provide the information." *Id.*

**Analysis**

Appellant did not appeal from the imposition of deferred adjudication community supervision. He argues that his plea was involuntary and the judgment is void because he was not given the required Section 5(a) admonishments after he was placed on deferred adjudication community supervision.

Generally, a defendant may not raise the issue of voluntariness of the plea when appealing from a felony conviction that is the result of a plea agreement that was honored by the trial court. *See **Cooper v. State***, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon Supp. 2006). And the court of criminal appeals has specifically held that a complaint about the plea hearing in a case where the defendant is placed on deferred adjudication community supervision must be raised following the trial court's decision to defer adjudication and place the defendant on community supervision. *See **Manuel v. State***, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); ***Clark v. State***, 997 S.W.2d 365, 368 (Tex. App.–Dallas 1999, no pet.) ("[A] defendant must appeal the voluntariness of his plea at the time he is placed on deferred adjudication probation and cannot wait until he is adjudicated to

2

bring this issue."); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp. 2009) ("The right of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall be accorded the defendant at the time he is placed on community supervision."); **Daniels v. State**, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000) (loss of record of plea proceedings irrelevant because appellant could not raise voluntariness of original plea in appeal from subsequent adjudication of guilt).  Appellant did not appeal from the trial court's decision to defer adjudication and place him on community supervision within the time limits prescribed by law.  Accordingly, we are without jurisdiction to consider his argument that his plea was involuntary.  *See Manuel*, 994 S.W.2d at 661.

With respect to Appellant's argument that his conviction is void, the court of criminal appeals has held that a defendant who had been placed on deferred adjudication may raise on appeal an error that would render the original judgment void, even if that appeal comes after the defendant's guilt is adjudicated.  *See Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001).  However, in the same opinion, the court held that an involuntary plea claim, even if meritorious,[1] does not render a conviction void.  *Id.* at 669.  Accordingly, we hold that Appellant's conviction is not void.  *See Manuel*, 994 S.W.2d at 662.

Finally, Appellant argues in the "Statement of the Case" and the "Summary of the Argument" portions of his brief that the State did not introduce evidence at the revocation hearing to support his conviction.  He does not repeat this argument in his brief, but does note in a sentence in his "Summary of the Facts" that "no evidence was adduced at the revocation hearing concerning the offense of forgery."

It is unclear if Appellant intended to present this argument for our consideration.  However, we do not have jurisdiction to consider this argument.  Just as with an allegation of an involuntary plea, a complaint about the sufficiency of the evidence to support a conviction must be brought after the trial court's decision to defer adjudication of guilt and not after a subsequent revocation of community supervision and adjudication of guilt.  *See Manuel*, 994 S.W.2d at

---

[1] It is unlikely that Appellant's claim that his plea was involuntary has merit.  Appellant complains that the Section 5(a) admonishments were not read to him following the trial court's adjudication of his guilt.  This is accurate.  However, before his plea, Appellant signed a written document that included the very admonishments he complains were not provided to him after the trial court deferred adjudication of his guilt.  Furthermore, the trial court discussed with Appellant the importance of abiding the terms of his community supervision and discussed with him the consequences of failing to do so.  Because the statute requires only substantial compliance, it is unlikely that Appellant would have prevailed on his claim if it had been timely.  *See* TEX. CODE CRIM. PROC. ANN. art. 41.2, § 5(a).

661–62. ("[A] defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed."). A judgment can be void if the record reflects that there is a complete lack of evidence to support the conviction. *See Nix*, 65 S.W.3d at 668. However, a guilty plea, such as Appellant entered here, is some evidence to support the conviction; and so this conviction is not void for lack of evidence. *Id.* at 668 n.14.

In conclusion, the voluntariness of the plea and the sufficiency of the evidence are issues that must be raised, for purposes of a direct appeal, within the appropriate appellate deadlines following a trial court's decision to defer adjudication and place a defendant on community supervision. In this case, the trial court deferred adjudication on December 12, 2007. Appellant did not bring this appeal until after his community supervision was revoked and the trial court had found him guilty in March 2009. Accordingly, the appeal of these issues is untimely, and we are without jurisdiction to consider them. Appellant's conviction is not void for lack of evidence because he pleaded guilty as charged. We overrule Appellant's sole issue.

## DISPOSITION

We *dismiss* for lack of jurisdiction Appellant's arguments that his guilty plea was involuntary or that there was insufficient evidence to support his conviction. With respect to Appellant's arguments that his conviction is void, we *affirm* his conviction.

SAM GRIFFITH
Justice

Opinion delivered March 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4