MARY'S OPINION HEADING 








NO. 12-09-00198-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

JOHN WAYNE
ARMSTEAD,                     §                      APPEAL FROM THE 217TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF
TEXAS,

APPELLEE                                                   §                      ANGELINA
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

John
Wayne Armstead appeals from his conviction for forgery.  In one issue,
Appellant argues that his guilty plea was involuntary because the trial court
did not admonish him as required by law following his plea.  We affirm in part
and dismiss for lack of jurisdiction in part.  

 

Background

Appellant
pleaded guilty to the state jail felony offense of forgery in December 2007. 
The trial court accepted Appellant’s plea agreement with the State, deferred
adjudication of his guilt, and placed him on community supervision.  The trial
court held a hearing in June 2009 to consider the State’s motion to terminate
Appellant’s community supervision.  Appellant admitted that he had violated
some of the terms of his community supervision and denied that he had violated
others.  Following a contested hearing, the trial court found several of the
alleged violations of Appellant’s community supervision to be true, found
Appellant guilty, and assessed punishment at confinement in the state jail for
two years.  This appeal followed.

 

Voluntariness of Plea

In
his sole issue, Appellant argues that his guilty plea was involuntary because
the trial court did not, following his guilty plea, advise him of the possible
consequences of a violation of the terms of his community supervision. 

Applicable
Law

In
certain criminal cases, a trial court may accept a defendant’s guilty plea but
defer a finding of guilt.  See Tex.
Code Crim. Proc. Ann. art. 42.12,
§ 5(a) (Vernon Supp. 2009).  In such a case, the trial court defers a decision
on an adjudication of guilt and places the defendant on community supervision. 
Id.  If the defendant violates the terms of his community
supervision, the trial court may find the defendant guilty and proceed as if
the deferral of adjudication had not occurred.  Id. § 5(b).  On
the other hand, if the term of community supervision expires and the trial
court has not adjudicated the defendant’s guilt, the trial court must dismiss
the proceedings and discharge the defendant.  Id. § 5(c).  

After
placing a defendant on community supervision, the law requires that the judge
“inform the defendant orally or in writing of the possible consequences under
Subsection (b) of this section of a violation of community supervision.”  Id.
at § 5(a).  The failure to comply with this requirement “is not a ground for
reversal unless the defendant shows that he was harmed by the failure of the
judge to provide the information.”  Id.  

Analysis

Appellant
did not appeal from the imposition of deferred adjudication community
supervision.  He argues that his plea was involuntary and the judgment is void
because he was not given the required Section 5(a) admonishments after he was
placed on deferred adjudication community supervision.  

Generally,
a defendant may not raise the issue of voluntariness of the plea when appealing
from a felony conviction that is the result of a plea agreement that was
honored by the trial court.  See Cooper v. State, 45 S.W.3d 77,
81 (Tex. Crim. App. 2001); see also Tex.
Code Crim. Proc. Ann. art. 44.02
(Vernon Supp. 2006).  And the court of criminal appeals has specifically held
that a complaint about the plea hearing in a case where the defendant is placed
on deferred adjudication community supervision must be raised following the
trial court’s decision to defer adjudication and place the defendant on
community supervision.  See Manuel v. State, 994 S.W.2d
658, 661-62 (Tex. Crim. App. 1999); Clark v. State, 997 S.W.2d
365, 368 (Tex. App.–Dallas 1999, no pet.) (“[A] defendant must appeal the
voluntariness of his plea at the time he is placed on deferred adjudication
probation and cannot wait until he is adjudicated to bring this issue.”); see
also Tex. Code Crim. Proc. Ann. art.  42.12, § 23(b) (Vernon Supp. 2009)
(“The right of the defendant to appeal for a review of the conviction and
punishment, as provided by law, shall be accorded the defendant at the time he
is placed on community supervision.”); Daniels v. State, 30
S.W.3d 407, 408 (Tex. Crim. App. 2000) (loss of record of plea proceedings
irrelevant because appellant could not raise voluntariness of original plea in
appeal from subsequent adjudication of guilt).  Appellant did not appeal from
the trial court’s decision to defer adjudication and place him on community
supervision within the time limits prescribed by law.  Accordingly, we are
without jurisdiction to consider his argument that his plea was involuntary.  See
Manuel, 994 S.W.2d at 661.

With
respect to Appellant’s argument that his conviction is void, the court of
criminal appeals has held that a defendant who had been placed on deferred
adjudication may raise on appeal an error that would render the original
judgment void, even if that appeal comes after the defendant’s guilt is
adjudicated.  See Nix v. State, 65 S.W.3d 664, 668 (Tex.
Crim. App. 2001).  However, in the same opinion, the court held that an
involuntary plea claim, even if meritorious,[1] does not render a
conviction void.  Id. at 669.  Accordingly, we hold that
Appellant’s conviction is not void.  See Manuel, 994 S.W.2d at
662.  

Finally,
Appellant argues in the “Statement of the Case” and the “Summary of the
Argument” portions of his brief that the State did not introduce evidence at
the revocation hearing to support his conviction.  He does not repeat this
argument in his brief, but does note in a sentence in his “Summary of the
Facts” that “no evidence was adduced at the revocation hearing concerning the
offense of forgery.”  

It
is unclear if Appellant intended to present this argument for our
consideration.  However, we do not have jurisdiction to consider this
argument.  Just as with an allegation of an involuntary plea, a complaint about
the sufficiency of the evidence to support a conviction must be brought after
the trial court’s decision to defer adjudication of guilt and not after a
subsequent revocation of community supervision and adjudication of guilt.  See
Manuel, 994 S.W.2d at 661–62.  (“[A] defendant placed on deferred
adjudication community supervision may raise issues relating to the original
plea proceeding, such as evidentiary sufficiency, only in appeals taken when
deferred adjudication community supervision is first imposed.”).  A judgment
can be void if the record reflects that there is a complete lack of evidence to
support the conviction.  See Nix, 65 S.W.3d at 668.  However, a
guilty plea, such as Appellant entered here, is some evidence to support the
conviction; and so this conviction is not void for lack of evidence.  Id.
at 668 n.14.  

In
conclusion, the voluntariness of the plea and the sufficiency of the evidence
are issues that must be raised, for purposes of a direct appeal, within the
appropriate appellate deadlines following a trial court’s decision to defer
adjudication and place a defendant on community supervision.  In this case, the
trial court deferred adjudication on December 12, 2007.  Appellant did not
bring this appeal until after his community supervision was revoked and the
trial court had found him guilty in March 2009.  Accordingly, the appeal of
these issues is untimely, and we are without jurisdiction to consider them. 
Appellant’s conviction is not void for lack of evidence because he pleaded
guilty as charged.  We overrule Appellant’s sole issue.

 

Disposition

We
dismiss for lack of jurisdiction Appellant’s arguments that his
guilty plea was involuntary or that there was insufficient evidence to support
his conviction.  With respect to Appellant’s arguments that his conviction is
void, we affirm his conviction.  

 

                                                                                                Sam Griffith

                                                                                                                                                           
Justice

 

Opinion
delivered March 30, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

(DO
NOT PUBLISH)









[1] It is unlikely that Appellant’s
claim that his plea was involuntary has merit.  Appellant complains that the
Section 5(a) admonishments were not read to him following the trial court’s
adjudication of his guilt.  This is accurate.  However, before his plea,
Appellant signed a written document that included the very admonishments he
complains were not provided to him after the trial court deferred adjudication
of his guilt.  Furthermore, the trial court discussed with Appellant the
importance of abiding the terms of his community supervision and discussed with
him the consequences of failing to do so.  Because the statute requires only substantial
compliance, it is unlikely that Appellant would have prevailed on his claim if
it had been timely.  See Tex.
Code Crim. Proc. Ann. art. 41.2,
§ 5(a).