COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| AMBROSIO RODRIGUEZ RAMIREZ, | § | No. 08-09-00245-CR |
| Appellant, | § | Appeal from |
| v. | § | 143rd District Court |
| THE STATE OF TEXAS, | § | of Ward County, Texas |
| Appellee. | § | (TC # 07-02-04826-CRW) |
|  | § |  |

**O P I N I O N**

In 2007, Ambrosio Rodriguez Ramirez was charged by indictment for indecency with a child. In exchange for his guilty plea, the trial court ordered deferred adjudication of his guilt, and he received six years' community supervision together with a $1,500 fine. In February 2009, the State filed a motion to adjudicate guilt, alleging several violations of Appellant's community supervision. At the hearing on the motion to adjudicate, Appellant pled not true to each of the allegations.

The trial judge found the evidence substantiated Appellant's violation of the following terms of his community supervision: (1) failing to maintain suitable employment as required by term 8; (2) failing to report a change in his phone number to his Community Supervisor within two working days as required by term 9; (3) failing to adhere to his curfew on January 25, 2009 as required by term 11; (4) failing to pay fees and being delinquent in such fees in the amount of $390 as required by term 12; (5) failing to pay fees and being delinquent in such fees in the amount of $550 as required by term 13; and (6) by failing to perform his community service at the rate required in term 15. The court failed to find a violation of term 14 which required Appellant to submit sworn affidavits finding that the evidence showed Appellant did submit four such forms.

Appellant requested a bifurcated hearing delaying the punishment phase until he could retain his own non-court appointed attorney. The punishment phase was reset for June 12, 2009. At the punishment hearing, having previously found that Appellant violated several terms of his community supervision and adjudicated him guilty, the trial judge imposed sentence of confinement for eight years in the Texas Department of Criminal Justice-Institutional Division. The sentence was imposed on August 7, 2009.[1]

Appellant seeks reversal via one point of error urging his original plea was not voluntary because he received ineffective assistance of counsel. Generally, a defendant may not raise the issue of voluntariness of the plea when appealing from a felony conviction that results from a plea agreement that was honored by the trial court. See *Cooper v. State*, 45 S.W.3d 77, 81 (Tex.Crim.App. 2001); *see also* TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 2006). A defendant who pleads guilty and is placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when the trial court first orders deferred adjudication. *Manuel v State*, 994 S.W.2d 658, 661-62; (Tex.Crim.App. 1999); *see also* TEX.CODE CRIM.PROC.ANN. art. 42.12 (Vernon Supp. 2010). Whether the original guilty plea was voluntary is an issue which must be raised on appeal following the trial court's decision to defer adjudication and place the defendant on community supervision. *See Manuel*, 994 S.W.2d at 661-62; *Clark v. State*, 997 S.W.2d 365, 368 (Tex.App.--Dallas 1999, no pet.). A defendant cannot wait until he is adjudicated to bring this issue. *Clark*, 997 S.W.3d at 368. Here, Appellant did not appeal from the imposition of deferred adjudication community supervision. The trial court deferred adjudication on July 20, 2007 and Appellant did not bring this appeal until his community supervision was revoked and the trial court found him guilty in August 2009. Accordingly, we are

---

[1]A series of issues subsequently arose which delayed the hearing until August 7, 2009.

without jurisdiction to consider this argument on appeal.[2]  *See Manuel*, 994 S.W.2d at 661.  We overrule Appellant's sole point and dismiss for lack of jurisdiction.


January 26, 2011

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

---

[2] The Court of Criminal Appeals supported its holding in *Cooper* by noting that there are two other procedures by which a plea-bargaining defendant may raise a claim of an involuntary plea: (1) a motion for new trial and (2) writ of habeas corpus.  *Cooper v. State*, 45 S.W.3d at 81.  Appellant's proper course of action is a  writ of habeas corpus.