COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





AMBROSIO RODRIGUEZ RAMIREZ,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-09-00245-CR

Appeal from
 143rd District Court

of Ward County, Texas

(TC # 07-02-04826-CRW)



 

 

 




O P I N I O N

            In 2007, Ambrosio Rodriguez Ramirez was charged by indictment for indecency with a child. 
In exchange for his guilty plea, the trial court ordered deferred adjudication of his guilt, and he
received six years’ community supervision together with a $1,500 fine. In February 2009, the State
filed a motion to adjudicate guilt, alleging several violations of Appellant’s community supervision. 
At the hearing on the motion to adjudicate, Appellant pled not true to each of the allegations. 
            The trial judge found the evidence substantiated Appellant’s violation of the following terms
of his community supervision: (1) failing to maintain suitable employment as required by term 8;
(2) failing to report a change in his phone number to his Community Supervisor within two working
days as required by term 9; (3) failing to adhere to his curfew on January 25, 2009 as required by
term 11; (4) failing to pay fees and being delinquent in such fees in the amount of $390 as required
by term 12; (5) failing to pay fees and being delinquent in such fees in the amount of $550 as
required by term 13; and (6) by failing to perform his community service at the rate required in term
15. The court failed to find a violation of term 14 which required Appellant to submit sworn
affidavits finding that the evidence showed Appellant did submit four such forms. 
            Appellant requested a bifurcated hearing delaying the punishment phase until he could retain
his own non-court appointed attorney. The punishment phase was reset for June 12, 2009. At the
punishment hearing, having previously found that Appellant violated several terms of his community
supervision and adjudicated him guilty, the trial judge imposed sentence of confinement for eight
years in the Texas Department of Criminal Justice-Institutional Division. The sentence was imposed
on August 7, 2009.



            Appellant seeks reversal via one point of error urging his original plea was not voluntary
because he received ineffective assistance of counsel. Generally, a defendant may not raise the issue
of voluntariness of the plea when appealing from a felony conviction that results from a plea
agreement that was honored by the trial court. See Cooper v. State, 45 S.W.3d 77, 81
(Tex.Crim.App. 2001); see also Tex.CodeCrim.Proc.Ann. art. 44.02 (Vernon 2006). A defendant
who pleads guilty and is placed on deferred adjudication community supervision may raise issues
relating to the original plea proceeding only in an appeal taken when the trial court first orders
deferred adjudication. Manuel v State, 994 S.W.2d 658, 661-62; (Tex.Crim.App. 1999); see also
Tex.CodeCrim.Proc.Ann. art. 42.12 (Vernon Supp. 2010). Whether the original guilty plea was
voluntary is an issue which must be raised on appeal following the trial court’s decision to defer
adjudication and place the defendant on community supervision. See Manuel, 994 S.W.2d at 661-62; Clark v. State, 997 S.W.2d 365, 368 (Tex.App.--Dallas 1999, no pet.). A defendant cannot wait
until he is adjudicated to bring this issue. Clark, 997 S.W.3d at 368. Here, Appellant did not appeal
from the imposition of deferred adjudication community supervision. The trial court deferred
adjudication on July 20, 2007 and Appellant did not bring this appeal until his community
supervision was revoked and the trial court found him guilty in August 2009. Accordingly, we are
without jurisdiction to consider this argument on appeal.


 See Manuel, 994 S.W.2d at 661. We
overrule Appellant’s sole point and dismiss for lack of jurisdiction.
 
January 26, 2011                                                         
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)