NO. 07-11-00215-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
SEPTEMBER 25, 2012
--------------------------------------------------------------------------------

 
 CHARLES HAROLD FISHER, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;
 
 NO. 4409; HONORABLE STUART MESSER, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 MEMORANDUM OPINION
 
 Appellant Charles Harold Fisher appeals from the trial court's judgment adjudicating him guilty of possession of marijuana, and sentencing him to twenty years of imprisonment. He presents two issues on appeal. We will affirm.
 Appellant was charged via indictment with possession of marijuana in an amount of 2,000 pounds or less but more than 50 pounds. In March 2010, appellant and his wife plead guilty to that offense. The trial court deferred a finding of guilt and placed appellant on deferred adjudication community supervision for a period of two years. In February 2011, the trial court held a hearing concerning the State's allegations appellant violated the terms of his supervision. It found appellant violated certain terms, revoked his community supervision, adjudicated appellant guilty and imposed the sentence noted. This appeal followed.
On appeal, appellant seeks reversal of his conviction through two issues. In one, he argues his Sixth Amendment rights were violated because it was a conflict of interest for one court-appointed attorney to represent both appellant and his wife at the 2010 plea hearing. In the second, he argues his 2010 guilty plea was involuntary because he was ill at the time of the plea. We address the issues together.
A defendant who pleads guilty and is placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when the trial court first orders deferred adjudication. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999); Tex. Code Crim. Proc. Ann. art. 42.12 § 23(b) (West 2011). Whether the original guilty plea was voluntary is an issue which must be raised on appeal following the trial court's decision to defer adjudication and place the defendant on community supervision. Manuel, 994 S.W.2d at 661-62; Clark v. State, 997 S.W.2d 365, 368 (Tex.App. -- Dallas 1999, no pet.). A defendant cannot wait until he is adjudicated to bring this issue. Clark, 997 S.W.2d at 368. The same is true regarding appellant's conflict of interest issue. Manuel, 994 S.W.2d at 661; see Hanson v. State, 11 S.W.3d 285, 287-88 (Tex.App. -- Houston [14[th] Dist.] 1999, pet. ref'd) (in appeal taken after revocation of deferred-adjudication community supervision and adjudication of guilt, court lacked jurisdiction to consider issue that ineffective assistance of counsel rendered plea of guilty at original plea hearing involuntary). 
Here, appellant did not appeal from the imposition of deferred adjudication community supervision. In fact, the appellate record contains the trial court's certification pursuant to Rule of Appellate Procedure 25.2(d) certifying that appellant waived his right to appeal from the deferral of adjudication. Tex. R. App. P. 25.2(d).
Appellant did not raise his appellate issues relating to his original plea hearing in an appeal following that hearing, and we are without jurisdiction to consider them now. Manuel, 994 S.W.2d at 661. Accordingly, we dismiss both issues and affirm the trial court's judgment. 

 James T. Campbell
 Justice

Do not publish.