**Affirm and Opinion Filed June 4, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00541-CR**

**KENNETH FITZGERALD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F92-73565-Q**

**MEMORANDUM OPINION**
Before Justices Bridges, Lang, and Myers
Opinion by Justice Bridges

Appellant Kenneth Fitzgerald appeals from the judgment revoking his community supervision and adjudicating him guilty of the offense of indecency with a child and his accompanying sentence of ten years' imprisonment. In two issues, appellant contends: (1) he is entitled to a new trial under TEX. R. APP. P. 34.6(f) and (2) the judgment revoking his community supervision improperly reflects the plea to the motion to revoke as "TRUE." We modify the trial court's judgment and affirm as modified.

*Missing Reporter's Record*

On May 28, 1993, pursuant to the terms of a plea agreement, the State reduced the offense with which appellant was charged, and appellant plead nolo contendere to the reduced

charge of indecency with a child. Consistent with the terms of the plea agreement, appellant received a sentence of ten years' imprisonment, suspended for a period of five years.

Appellant initially attended his scheduled probation appointments, but stopped in 1995, failing to report between May 1995 and May 1998 (when his probation would have originally expired). Appellant was also terminated from his sex offender counseling in 1995. A felony probation violation warrant was issued in September of 1995. The State filed its motion to revoke on May 5, 1998, prior to the expiration of the probation term.

In addition to having absconded for a period of approximately seventeen years, appellant allowed his driver's license to expire in January 1998. Appellant's niece testified at the revocation hearing that appellant had come to live with her and her father and brother for a period of approximately nine years. She explained that, on one occasion, police officers had come to her home and made inquiries about a person with appellant's name. She remembered that when she was between eight and ten years old, appellant had lied to the police or otherwise misled them by telling them that he was "just the babysitter." She testified appellant had inappropriate sexual contact with her on numerous occasions over the years he lived with them and that she had only reported the crimes the day before the hearing because she was no longer afraid of appellant because she knew he was in jail.

The trial court adjudicated appellant guilty of indecency with a child almost nineteen years after he had been placed on community supervision for that offense. On direct appeal, appellant contends he is entitled to a new trial pursuant to Tex. R. App. P. 34.6(f). More specifically, appellant argues he is entitled to a new trial due to the lost reporter's record[1] "*of the original plea* because the issues of sufficiency of the evidence, effective assistance of counsel,

---

[1] In a September 5, 2012 letter to this Court, the official court reporter for the 204th Judicial District Court notified this Court that she had been informed that the court reporter at the time of the 1993 plea is now deceased and that she was unable to locate the record from the plea hearing. In a November 12, 2012 hearing before the trial court, the State indicated the former reporter was not dead and left the records at the courthouse. However, the State conceded that the record was lost.

objections raised and ruled on at his trial, voluntariness of his plea, and other unknown issues cannot be effectively raised or argued to resolve Appellant's appeal without the record." (emphasis added).

Rule 34.6(f) provides, in pertinent part, as follows:

**(f) *Reporter's record lost or destroyed*.** An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed . . . .

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties. . . .

Thus, in order for appellant to be entitled to a reversal of his conviction and a new trial, the lost or destroyed reporter's record must be "necessary to the appeal's resolution." *See Daniels v. State*, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000) (en banc) (citing TEX. R. APP. P. 34.6(f)(3)).

In *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999), the Court of Criminal Appeals concluded that a defendant placed on deferred adjudication has to appeal issues relating to the original deferred adjudication proceeding when deferred adjudication is first imposed. *See also Daniels*, 30 S.W.3d at 408 (appellant was required to appeal any issues relating to his original plea at the time he was placed on deferred adjudication). This Court has also held that "a defendant must appeal the voluntariness of his plea at the time he is placed on deferred adjudication probation and cannot wait until he is adjudicated to bring this issue." *See Clark v. State*, 997 S.W.2d 365, 368 (Tex. App.—Dallas 1999, no pet.). Based on the reasoning of *Manuel* and its progeny, we conclude the reporter's record from the original plea hearing is not necessary to this appeal's resolution since appellant cannot now appeal any issues relating to

–3–

the original proceeding. *See, e.g., Daniels*, 30 S.W.3d at 408; *Manuel*, 994 S.W.2d at 661-62. We, therefore, have no jurisdiction over appellant's lost reporter's record claim and dismiss appellant's first issue for want of jurisdiction.

### *Reformation of the Judgment*

In his second issue, appellant contends the judgment revoking community supervision improperly reflects the plea to the State's motion to revoke as "TRUE" when appellant's plea was "NOT TRUE." Appellant asks this Court to correct the judgment to accurately reflect appellant's plea. Our review of the record indicates appellant's plea was "NOT TRUE" to the motion to revoke. The State does not contest appellant's request for reformation of the judgment to correctly reflect appellant's plea.

We have the power to correct a clerical error in a judgment to properly reflect what occurred in the trial court as shown by the record. *See* TEX. R. APP. P. 43.2(b); *French v. State,* 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Therefore, we sustain appellant's second issue and modify the judgment to reflect appellant pled "NOT TRUE" to the State's motion to revoke. As reformed, we affirm the judgment of the trial court.

/David L. Bridges/

DAVID L. BRIDGES

120541F.U05                                    JUSTICE

Do Not Publish
TEX. R. APP. P. 47

–4–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

KENNETH FITZGERALD, Appellant

No. 05-12-00541-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas

Trial Court Cause No. F92-73565-Q.

Opinion delivered by Justice Bridges.

Justices Lang and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Appellant's plea to the State's motion to revoke is changed from "TRUE" to a plea of "NOT TRUE."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 4, 2013

/David L. Bridges/

DAVID L. BRIDGES
JUSTICE