**AFFIRM; and Opinion Filed December 19, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00267-CR

No. 05-13-00268-CR

No. 05-13-00269-CR

**CHRISTOPHER JAMES RYALS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F05-18864-U, F12-40687-U, and F12-41706-U**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice Brown

Christopher James Ryals appeals convictions for assault family violence, continuous violence against the family, and possession with intent to deliver methamphetamine. In January 2006, appellant entered an open plea of guilty to possession with intent to deliver methamphetamine in an amount of 200 grams or more, but less than 400 grams, and was placed on deferred adjudication community supervision for ten years. No appeal was taken from the deferred adjudication order. In June 2012, appellant was placed on deferred adjudication community supervision for assault family violence. After appellant was indicted again in October 2012 for continuous violence against the family, the State moved to revoke appellant's community supervision. In February 2013, appellant pleaded true to the allegations in the motions to revoke and guilty to continuous violence against the family. The trial court revoked

appellant's community supervision for possession with intent to deliver and assault family violence. The court found appellant guilty of continuous violence against the family. The court assessed punishment at ten years' confinement for the family violence cases and twenty-five years' confinement for possession with intent to deliver. These appeals followed.

In the two family violence cases, appellant's attorney filed a brief in which she concludes the appeals are wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

Appellant filed a pro se response in the family violence cases, raising three issues. After reviewing counsel's brief, appellant's pro se response, and the record, we agree the appeals are frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We find nothing in the record that might arguably support the appeals.

In the appeal of the drug conviction, appellate counsel has filed a separate brief, raising one point of error. Appellant contends that under rule of appellate procedure 34.6, he is entitled to a reversal of his conviction because the record of his original plea hearing on January 19, 2006, was lost or destroyed. We disagree.

Rule 34.6 provides that an appellant is entitled to a new trial if: 1) he has timely requested a reporter's record; 2) without the appellant's fault, a significant portion of the court reporter's notes and records has been lost or destroyed; 3) the lost or destroyed portion of the

record is necessary to the appeal's resolution; and 4) the lost or destroyed portion of the record cannot be replaced by agreement of the parties. TEX. R. APP. P. 34.6(f).

The deferred adjudication order is dated January 19, 2006, and reflects that appellant appeared in court that day and entered his guilty plea. In January 2014, this Court ordered the trial court to conduct a hearing to determine whether a hearing was conducted on January 19, 2006, and if a hearing was conducted, whether it was recorded. The trial court found that no hearing was conducted on January 19, 2006. The official court reporter had searched her log books and did not find an entry that a hearing was held on that date or an entry that a substitute reporter took any hearing on that date.

Even if we assume that the record of the original plea hearing was lost or destroyed, appellant is not entitled to relief. The only specific complaint appellant raises is that he is entitled to a record of the plea hearing to determine if he was afforded all the proper admonishments. But it is too late for appellant to raise any complaint about the admonishments or lack thereof at his original plea hearing. A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Appellant cannot wait until he is adjudicated to bring this issue. *See Clark v. State*, 997 S.W.2d 365, 368–69 (Tex. App.—Dallas 1999, no pet.). Accordingly, we conclude appellant has failed to establish that the reporter's record from his original plea hearing is necessary to this appeal. *See* TEX. R. APP. P. 34.6(f). We overrule appellant's point of error.

We affirm the trial court's judgments.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.

130267F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER JAMES RYALS,
Appellant

No. 05-13-00267-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F05-18864-U.
Opinion delivered by Justice Brown. Justices
O'Neill and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of December, 2014.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CHRISTOPHER JAMES RYALS,
Appellant

No. 05-13-00268-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F12-40687-U.
Opinion delivered by Justice Brown. Justices
O'Neill and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of December, 2014.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER JAMES RYALS,
Appellant

No. 05-13-00269-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F12-41706-U.
Opinion delivered by Justice Brown. Justices
O'Neill and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of December, 2014.