

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00119-CR

_____

CLAYTON DELANEY BOYKIN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1424021

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Clayton Delaney Boykin was charged by indictment with aggravated assault with a deadly weapon. Boykin pled guilty and was placed on two years' deferred adjudication community supervision pursuant to a plea agreement. Thereafter, the State filed a motion to proceed with adjudication. Concerned about Boykin's competency to stand trial, the trial court ordered Boykin to undergo a psychiatric examination. After reviewing the report of Boykin's psychiatric examination, the trial court determined that Boykin was incompetent to stand trial and ordered Boykin's commitment to a mental health hospital for restoration of competency pursuant to Article 46B.073 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.073 (West Supp. 2016). Following Boykin's short stay in a mental health hospital, the chief psychiatrist of the hospital's competency program determined that Boykin was competent to stand trial. Boykin was thereafter returned to Hopkins County for trial. After a hearing, Boykin was adjudicated guilty and sentenced to ten years' confinement.

In his sole point of error on appeal, Boykin claims that his original guilty plea was not voluntary because he was not competent when he pled guilty and was placed on deferred adjudication community supervision. Because we find that we are without jurisdiction to address the merits of Boykin's sole issue on appeal, we dismiss the appeal for want of jurisdiction.

When a defendant pleads guilty and is placed on deferred adjudication community supervision, the Legislature has placed restrictions on his right of appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 5(b), 23(b) (West Supp. 2016). With certain exceptions not present here, *see Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001), a defendant placed on

2

deferred adjudication community supervision may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication is first imposed, rather than after deferred adjudication community supervision has been revoked. *Daniels v. State*, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); *Jones v. State*, 42 S.W.3d 143, 148 (Tex. App.—Amarillo 2000, no pet.); *Clark v. State*, 997 S.W.2d 365, 368–69 (Tex. App.—Dallas 1999, no pet.).

Recognizing this jurisdictional defect, this Court provided Boykin with an opportunity to demonstrate how we had jurisdiction over this appeal. Boykin's response acknowledges that matters arising in the original plea proceeding can be appealed only when deferred adjudication is first imposed. He further concedes that the facts presented here do not fall within any exception to this general rule.[1] He maintains, though, that the facts here transcend the exceptions to the *Manuel* rule, as a defendant is entitled to be competent in all phases of trial. He maintains that, because he was not initially competent to stand trial in the adjudication proceeding, he likewise was not competent when he entered his guilty plea. Nevertheless, the issue of whether the original guilty plea was voluntary is one which must be raised on appeal following the trial court's decision to defer adjudication and impose community supervision. *Clark*, 997 S.W.2d at 368.

Here, Boykin could have appealed the order placing him on deferred adjudication community supervision and could have claimed that the plea was not voluntary. Instead, Boykin chose to bring this complaint after his guilt was adjudicated. His appeal of this issue is untimely.

---

[1] In *Nix v. State*, the Court of Criminal Appeals set forth two very limited exceptions to this general rule: (1) the "void judgment" exception, and (2) the "habeas corpus" exception. *Nix*, 65 S.W.3d at 667.

We conclude that we are without jurisdiction to address the merits of Boykin's sole point

of error. Accordingly, we dismiss this appeal for want of jurisdiction.


                                        Ralph K. Burgess
                                        Justice

Date Submitted:        September 19, 2016
Date Submitted:        September 23, 2016

Do Not Publish